Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of PERRY O. BRYANT, Respondent, for Compensation under the Workmen's Compensation Law, *v.* THE PULLMAN COMPANY, Employer and Self-Insurer, Appellant.

Third Department, June 30, 1919.

**Workmen's Compensation Law — railroad company an " employer " although operating road under Federal control — basis of award — when tips to porter may be considered.**

The act of Congress placing railroad companies under Federal control contemplated a continuing liability of the companies, and actions against them are not inconsistent with said act or the proclamation of the President providing that the Director General of Railroads " may perform the duties imposed upon him so long and to such extent as he shall determine through the boards of directors, receivers, officers and employees " of the companies.

A railroad company, having operated its cars under the Federal act without objection, is an " employer " within the meaning of the Workmen's Compensation Law for the purposes of the protection of an employee under said statute.

Tips received by a porter may be treated as a part of his wages and considered in determining the amount of the award to him under the statute.

APPEAL by the defendant, The Pullman Company, from an award of the State Industrial Commission, made on the 4th day of October, 1918, confirming a prior award, and also from a modified award made by the Commission on the 25th day of October, 1918.

*Locke, Babcock, Spratt & Hollister* [*Maurice C. Spratt* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

The accident to the claimant occurred March 17, 1918; he was a porter on the company's sleeping car. At the time of the accident, under the act of Congress and the proclamation of the President, the cars of the company were operated under Federal control. The proclamation of the President provided that the Director General of Railroads " may perform the duties imposed upon him, so long and to such extent as he shall determine, through the boards of directors, receivers, officers and employees " of the companies.* The act of Congress (§ 10)† contemplated a continuing liability of the companies, and actions against them are not inconsistent with the act or the proclamation of the President. The sleeping, parlor and dining car business was carried on by the appellant for the government, under the proclamation of the President, until August 17, 1918, when, by a general order, the Director General assumed the management of the business under managers appointed by him.

The appellant raised no question with the government as to the effect or validity of the act of Congress or the proclama-

---

* See 39 U. S. Stat. at Large, 645, chap. 418, § 1; 40 id. ——.— [REP.

† See 40 U. S. Stat. at Large, 456, § 10.— [REP.

tion of the President, but acquiesced in them and operated its cars as contemplated by the act. If instead of so doing it had contested the question with the government a different situation might have arisen. But, having operated its cars under the act, it cannot now raise the question that the government could not compel it to do so. That question is in the past; it did operate its cars and the claimant was its employee in that service. It was carrying on the sleeping car business by and under the direction of the Director General. In effect the government was the lessee of the cars, the company the lessor, and by the terms of the lease the business was carried on by it under government control. The question is not one of substance. If the lessee was carrying on its business through the lessor, and the latter is required to pay compensation under this award, it has ample recourse against the lessee, and undoubtedly any liability imposed upon it will be met in the adjustment of the rentals. We consider the question more one of technicality than of substance, and are prepared to hold that for the purposes of the protection of the claimant under the Workmen's Compensation Law the appellant was his employer and that the award may stand.

It is urged, however, that the award rested upon a wrong basis as to tips received by the porter which were treated as a part of his wages, and an ingenious but unsuccessful attempt is made to distinguish this case from *Sloat* v. *Rochester Taxicab Co.* (177 App. Div. 57). It is urged that in that case it was understood that the tips were to be a part of the compensation. The facts in this case overwhelmingly point to the same result. It is improbable that the company could employ a porter for a dollar a day if other compensation was not in contemplation. The company puts its patrons in the hands of underpaid porters expecting that the patrons will not suffer the porter to remain underpaid but will help the company pay for the services rendered by them. Such is the common understanding.

The award should be affirmed.

Award unanimously affirmed.