Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of BENJAMIN BEGENDORF, Respondent, for Compensation under the Workmen's Compensation Law, v. SWIFT AND COMPANY, INC., Employer and Self-Insurer, Appellant.

Third Department, September 8, 1920.

Workmen's Compensation Law — basis of award — earnings of employee — tips received in course of employment.

In making an award to a truck driver employed to deliver meat, who was injured in the course of his employment, the State Industrial Commission should not take into consideration the fact that in addition to

a weekly salary he received a certain sum per week in tips from customers of his employer, where the employer had no knowledge whatever of such gratuities and the salary paid was not based thereon.

JOHN M. KELLOGG, P. J., dissents, with memorandum.

APPEAL by the defendant, Swift and Company, Inc., from an award and decision of the State Industrial Commission, made on the 19th day of January, 1920, affirming the decision and award made on the 23d day of December, 1919, and entered in the office of said Commission.

*Lewis A. Ackley* [*William H. Hartley* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The claimant, who was receiving twenty-five dollars a week as compensation from his employer, also received on an average five dollars per week as tips from the customers of the latter. The question is whether such tips should be taken into consideration in fixing the amount of compensation. He was a truck driver and delivered meat for the employer, a corporation engaged in the meat business. The tips were received by him when making deliveries of meat to the customers of the employer. It is admitted that the employer had no knowledge of these gratuities.

Pullman porters, restaurant waiters, taxicab drivers and others receiving tips from third parties are entitled to have such tips considered in determining the amount of their awards for injuries under the Workmen's Compensation Law providing the employers in such cases contemplate and intend that their employees shall receive such gratuities. In such cases the compensation paid by the employers is correspondingly less and they are, therefore, benefited by such gratuities. That was the theory of the decisions in *Bryant* v. *Pullman Co.* (188 App. Div. 311; affd., 228 N. Y. 579) and *Sloat* v. *Rochester Taxicab Co.* (177 App. Div. 57; affd., 221 N. Y. 491). The case is different when an employee secretly receives gratuities from outside parties not within the knowledge or contemplation of his employer.

If the claimant in this case performed services for the

customers of the employer for which he was not paid by the latter he was doing something outside of his employment and compensation or gratuities received by him therefor without the knowledge of the employer cannot be made the basis of compensation. There is no evidence of custom to give tips to persons engaged in such business as the claimant. If there was such a custom no one knew it better than he and he makes no such claim. Secret compensation from third parties to an employee under the circumstances here disclosed is not consistent with his loyalty to his employer and is not commendable and certainly should not be rewarded at the expense of the employer by increased compensation for injuries.

The award should be reversed and the matter remitted to the Commission.

All concur; except JOHN M. KELLOGG, P. J., dissenting, with a memorandum.

JOHN M. KELLOGG, P. J. (dissenting):

The only question here is whether the claimant, who was receiving twenty-five dollars a week from his employer, can have his compensation increased because he was receiving tips averaging five dollars per week. We held in *Sloat* v. *Rochester Taxicab Co.* (177 App. Div. 57; affd., by the Court of Appeals; 221 N. Y. 491) that tips received by a taxicab driver may be treated as a part of the wages where the employer and employee both understood that tips were to be received and retained by the employee. Substantially the same result was reached in *Bryant* v. *Pullman Co.* (188 App. Div. 311), recently affirmed without opinion by the Court of Appeals (228 N. Y. 579). This case, in my judgment, falls within the rule of the above cases.

The claimant was driving a delivery wagon which carried meat from packing house to packing house, and usually drew a load a day from the packing house to retail dealers. The retail dealers, especially in very hot weather, would desire him to assist in hanging up the meat and caring for it after it was delivered at the shop, and for performing this service they frequently gave him tips. He concedes that his superior, and the officials who employed him, did not know he was receiving tips and that nothing was said about tips when

the employment was entered upon some years before. Originally the wages were eighteen dollars per week, and were gradually increased until at the time of the accident he was receiving twenty-five dollars a week from the company. The stable foreman, who employed him for the company and who appeared for the company upon the hearing, testified that he did not know that the drivers received tips because he never went among them to inquire. He was then asked: "Q. Isn't it a common thing for people who get service of a driver of a truck to give him tips if he does them some favor? A. Well, I suppose there might be tips that way. Of course, that I don't know. Q. Is there any objection to his taking a tip if anybody offers it to him? A. No, sir. Q. Suppose he were delivering meat to a butcher and the butcher asked him to put it up in the ice box ' for which,' he says, ' I will give you half a dollar.' Any objection to his doing that? A. No, sir."

The company did not give very satisfactory evidence as to the custom in the trade as to giving tips to drivers. Under the evidence I think it was a fair question of fact whether the employer permitted him to perform extra service for which he would receive tips, the company deeming it for its benefit to have its customers satisfactorily served. The Commission was justified in concluding that the company was willing to have the service performed and the customer pay its employee therefor.

We are not holding that unexpected tips, received by an employee without right, without the knowledge or consent of the employer, may be used to increase the wages as a basis for compensation. We consider that this case presented a simple question of fact whether the tips were received for extra service done for the benefit of the employer and with its consent, express or implied, which resulted in increasing the wages its employee was receiving for his service. The statute is to be liberally construed for the employee; the facts and the inferences to be drawn rest solely with the Commission. We cannot say that its determination of this fact is without some evidence to sustain it. The award should, therefore, be affirmed.

Award reversed and matter remitted to the Commission.