GLADYS GROSS' CASE.

Knox.        Opinion May 4, 1933.

**60**

*Charles T. Smalley*, for petitioner.
*Charles J. McGraw*,
*William B. Mahoney*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.  A restaurant waitress sustained injury, resulting at first in total, and later in partial incapacity, and entitling her to compensation, which was awarded. In accordance with a provision of the Workmen's Compensation Act (R. S., Chap. 55, Sec. 40), a Justice of the Superior Court entered an enforcing decree. The appeal of the employer brings the case here.

The question on appeal is whether, in ascertaining average weekly wages or earnings, the inclusion of tips — received from patrons of the restaurant by the waitress, and retained by her — constitutes legal error.

There was no disputed fact in the case.

The contract of employment contemplated the payment, weekly, by the employer to the employee, of $6.00; besides, the employee was to be furnished meals, to the amount of $3.00; any tips she might receive should be her own. The tips received averaged $8.13 a week.

The Industrial Accident Commission (only one member sitting) ruled that the tips constituted a part of the earnings of the injured employee. Including the tips, the employee's average weekly wages, at the time of the accident, were $17.13.

The Maine Compensation Act uses the term "wages, earnings or salary." R. S., *supra*, Sec. 2, Par. IX. The word "earnings" occurs in the English act. St. 6 Edward VII., C. 58, Sched. 1 (2) (a). This word has been interpreted, before the passage of our own act, to include tips. *Penn.* v. *Spiers & Pond, Ltd.* (1908), 1 K. B., 766; *Great Northern Railway* v. *Dawson* (1905), 1 K. B., 331;

*Knott* v. *Tingle Jacobs & Co.,* 4 B. W. C. C., 55. In Massachusetts, under a statute which defines "average weekly wages" as "the earnings of the injured employee during the period of twelve calendar months immediately preceding the date of injury," tips may properly be regarded as part of the average weekly wages. *Ethel Powers' Case,* 275 Mass., 515, 75 A. L. R., 1220, 176 N. E., 621. Ruling Case Law says in substance that tips, sanctioned by the employer, though not direct wages or earnings, should be taken into consideration under workmen's compensation acts, in making an award for injury or death. 28 R. C. L. (Perm. Supp.), Sec. 108. This work cites, as supporting authority, *Great Western R. Co.* v. *Helps* (1918), A. C., 141, Ann. Cas., 1918B, 1120.

The following cases also hold that, where an employee was accustomed to receive a constant amount in tips, and this was taken into consideration by his employer in fixing his wages, the tips, being an incident of the employee's service, should, in computing average weekly wage, be added to the regular wages paid him by his employer: *Sloat* v. *Rochester Taxicab Co.,* 163 N. Y. S., 904, affirmed without opinion in 221 N. Y., 491, 116 N. E., 1076; *Bryant* v. *Pullman Co.,* 177 N. Y. S., 488, affirmed without opinion in 228 N. Y., 579, 127 N. E., 909, certiorari granted; *Pullman Co.* v. *State Ind. Commission,* 254 U. S., 624, 65 Law ed., 444, and then dismissed per stipulation, 254 U. S., 666, 65 Law ed., 465; *Kadison* v. *Gottlieb,* 233 N. Y. S., 485. No broad distinction between the word "earnings" and the word "wages" is apparent. *Sloat* v. *Rochester Taxicab Co.,* supra.

The English act merely substitutes, in certain cases, workmen's compensation for common-law liability, enforceable in the same way, but without the requirement of insurance. Insurance by all subscribing employers is compulsory in Massachusetts. G. L., Chap. 152, Sec. 1 (6). In New York, Laws of New York (1913), Chap. 816, Art. 3, Sec. 50, the employer (a) need not insure at all if he establishes his own solvency to pay probable losses; (b) may insure under the state fund; (c) may insure with an insurance company. Under our own act, Section 6, an assenting (private) employer must carry industrial accident insurance; or, on satisfying the Industrial Accident Commission of his financial ability, and depositing cash, securities, or a surety bond, to the approval of

said Commission, he may, while such approval continues, be a self-insurer. The differences between the Massachusetts act, on the one side, and those of England and New York, on the other side, were held by the Massachusetts Court to be significant, but not of decisive consequence, in respect of *Ethel Powers' Case*, supra.

That conclusion is adopted, in the instant case, with full approval.

A further provision of our act is that in determining the compensation to be paid, benefits received from any other source than the employer shall not be taken into consideration. Section 18.

Argument is that in figuring average wages or earnings, the statute excludes tips as a factor. The meaning of the provision, in connection with the section as a whole, and with other provisions of the act, clearly enough is that if the employee has savings, or individual insurance, or advantage, or gain, independent of his contract of employment, the basis of computing the amount of compensation is not thereby affected. The statute contemplates that compensation is to be paid for diminished capacity to earn wages. *Capone's Case*, 239 Mass., 331, 132 N. E., 32; *Johnson's Case*, 242 Mass., 490, 136 N. E., 563; *Sensk's Case*, 247 Mass., 232, 141 N. E., 877.

The reason for the rule that tips may be considered in arriving at average weekly wages is thus stated in *Sloat* v. *Rochester Taxicab Co.*, supra:

> "The employee could not have received the tips if the employer had not put him in the way of getting them, and we may well conclude that the tips were an advantage received from the employer, similar in effect to board, lodging, or rent furnished, in addition to money wages paid . . . The whole theory of tipping . . . is an exaction made or permitted by the employer, so that his patrons shall help him pay the wages which is fairly due from him to his employee."

There is an intimation in the English decisions that the rule does not extend to tips which are illicit, or which involve or encourage a neglect or breach of duty, or which are casual and sporadic, and trivial in amount. Annotation, *Ethel Powers' Case*, 75 A. L. R. at p. 1224.

The present case does not come within any of these categories. Had it not been proper for the employee to have retained the tips, they would have belonged to the employer. The ruling of the Industrial Accident Commission, that the tips received by the employee were a part of, or in the nature of earnings, and hence entitled to consideration in allowing compensation for injury, was free from error.

*Appeal dismissed.*
*Decree affirmed.*
*Court below to fix*
*employee's expenses*
*on appeal.*