## EILENE'S BEAUTY PARLOR, INC.
*vs.*
## CORNELIUS J. DANAHER, ADMR.

Superior Court        Hartford County        File No. 67489

MEMORANDUM FILED JULY 29, 1942.

*M. E. Puchstone,* of Hartford, for the Plaintiff.

*F. A. Pallotti,* Attorney General, of Hartford, and *Harry Silverstone,* Assistant Attorney General, of Hartford, for the Defendant.

Memorandum of decision on appeal from assessment of unemployment compensation contribution.

KING, J. The plaintiff corporation operates a beauty parlor in Waterbury employing ten or more employees. In reporting wages paid for the period covered by the appeal, under our Unemployment Compensation Act, the plaintiff reported only the payroll wages actually paid by it to its employees, exclusive of tips which they received from patrons.

The defendant's investigator finally visited the plaintiff's establishment, then for the first time discovered that it was so operated that employees received tips in substantial amounts, and the defendant filed a deficiency assessment covering these tips from which this plaintiff now appeals. From so much of this deficiency assessment as covers a $4,000 officers' salary item the appeal has been abandoned, leaving as the sole question to be determined the validity of that part of the deficiency assessment involving the employees' tips.

The plaintiff has attacked our Act in many ways, but on many points his argument is concerned principally with policy, and should therefore be addressed to the Legislature rather than to the judiciary.

Section 1334e(b) of the 1939 Supplement to the General Statutes provides that " 'Wages' shall mean all remuneration for employment. . . . Whenever gratuities are received by an individual in the course of his employment from persons other than his employer, the average of such gratuities shall be estimated and determined in accordance with regulations prescribed by the administrator [defendant], and the amount so determined shall, for the purpose of the contributions required and the benefits provided for under this chapter, be included as a part of the wages of such individual."

No reason is perceived why the General Assembly should not have concluded that actual payroll wages are often low in the service employments where tipping is customary, and that this is because both parties to the contract of employment contemplate that the tips will amount to enough to make the aggregate compensation a satisfactory one, and that the actual *quid pro quo* which the employee is to receive for the effort expended is satisfactory to him only because of the income supplied by tips. *Bryant vs. Pullman Co.,* 188 App. Div. 311, 177 N.Y.S. 488, affirmed on other grounds in 228 N.Y. 579, 127 N.E. 909; *Thibeault vs. General Outdoor Advertising Co., Inc.,* 114 Conn. 410, 412.

The Federal Act did not require all state acts to be stereo-typed copies of one another, nor prevent constructive social experimentation not inconsistent with the minimum require-ments as to state legislation laid down in the Federal Act. *Steward Machine Co. vs. Davis,* 301 U.S. 548, 593, 81 L. ed. 1279, 1294.

The plaintiff lays great stress on the wording of section 1336e(a) of the 1939 Supplement to the General Statutes, providing that "Each employer....shall pay....contributions ....(of a certain percentage) of the wages payable by him." Its claim is that this rules out "tips" because they are paid by persons other than the employer.

In the first place tips are not "payable." "Payable" proper-ly refers to a contractual obligation which would not include tips. Tips may be paid but are never payable. Secondly, tips are not wages, in any ordinary sense of the word, and are made such only by reason of the provisions of the Act previously quoted.

Not only is there no inconsistency between the two portions of the Act, but the legislative will to include "tips" as wages is made abundantly clear, if any clarification were needed.

The importance of our section 1334e(b), above quoted, is brought out in *Alex. Hamilton Hotel Corp. vs. Board of Re-view,* 127 N.J.L. 184, 21 Atl. (2d) 739, construing the New Jersey Act, which had no similar provision.

The plaintiff's claim that the General Assembly did not intend to have tips included as a part of the wages earned is without merit.

Sections 1336e and 1345e(f) require each employer subject to the Act (as this plaintiff admittedly was) to file periodic reports upon which are calculated the amounts of contribu-tions due under the Act, and, with section 1347e(a), penalize the filing of an incorrect report or the failure to file any report at all.

It it obvious that the plaintiff knowingly filed a report which was incorrect in that it made no mention whatever of tips, although the plaintiff's officers admittedly knew that such tips were being received by its employees in substantial amounts. The precise amount of the tips may have been, as claimed by the plaintiff, unknown to it. If this was so, it

was due, as far as appears, solely to the plaintiff's failure to take the trouble to inform itself.

It did not appear at the hearing that any effort had been made by the plaintiff to ascertain, from the employees affected, or any of them, the amount of these tips by them respectively received. It is important to bear this fact in mind in considering the further claims made by this plaintiff, since it was obviously impractical, and probably impossible, for it to ascertain the amount of these tips by any sort of surveillance or supervision, or in fact in any way other than by inquiry of its employees.

The plaintiff ascribes this lack of knowledge (profitable to it until detected by the defendant's investigator), to a regulation of the defendant which it claimed prevented it from obtaining this information. The regulation referred to is Regulation 11, made by the defendant in order, as he claims, to carry out the provisions of section 1334e(b), previously quoted, and reads as follows:

"REGULATION 11. METHOD OF ESTIMATING GRATUITIES.

"The value of gratuities received by an individual in the course of his employment from persons other than his employer may be estimated by an agreement between the employer and the employee which must be filed with the Administrator, or may be arrived at in such other equitable manner as may appear most feasible to the reporting employer, provided that employees shall not be required to disclose the amount actually received, and that a filed statement indicate the method by which amounts reported are ascertained. The Administrator may approve amounts so reported, or may, after investigation, substitute other amounts which shall thereafter, until further notice, be used in determining the basis of contribution.

"While the value of such gratuities must be added to other wages for the purpose of computing the contributions payable under the Connecticut Unemployment Compensation Act, employers should note that, according to a ruling of the Federal Bureau of Internal Revenue (XV-28-8176 S.S.T. 12), such gratuities need not be added to other wages for the purpose of computing the amount of the federal excise tax."

The particular portion attacked is the phrase "provided

that employees shall not be required to disclose the amount [of tips] actually received."

The plaintiff construes the word "required" as equivalent to the word "asked" or "requested", and claims it was forbidden by the regulation to use the only method open to it of making a report covering these tips, and that therefore it could not report them at all and that after this lapse of time no one can ascertain what they were with sufficient accuracy to make them available for inclusion in the amount of wages earned. From this it draws the conclusion that no tax whatever can be levied against it on these tips, and that the defendant's attempt so to do must fall for lack of factual support.

The natural meaning of "required" as used in the regulation is substantially equivalent to that of the word "forced" or "compelled." The fair meaning of the proviso is that an employer cannot use any threat of discharge or other form of compulsion to induce an employee to tell what tips he has received. So construed, it imposes no impediment to an employer's requesting (as distinguished from compelling or forcing a disclosure of) such information from his employees, nor to their imparting it to him. No claim was made that the defendant had ever placed any different interpretation on it, nor that the plaintiff had sought assistance from the defendant as to the proper interpretation of the regulation, as to what interpretation the defendant had actually given it, or as to any difficulties encountered by the plaintiff in carrying out its obligations under the Act by reason of the proviso in the regulation. The actual course of conduct followed by the defendant's field investigator was in accordance with the interpretation put upon the regulation in this opinion, since he ascertained the estimate of the tips as made by the employees and checked it with the defendant's treasurer. Thus the defendant was informed as to the employees' claims as to the amount of their tips.

The only way in which the "average" of the gratuities could be determined and reported by the employer as contemplated by the Act was by ascertaining what they were and averaging them over a reasonable period. In other words, the statute requires a report of these receipts from tips. There is nothing new in this, and in similar connections such reports of contributions have been used in the computation of actual earnings. Williams vs. Jacksonville Terminal Co., 315 U.S. 386.

While the use of the word "estimated" in the above quoted section of the Act is not a happy one, it is obvious that what is meant is that the average of gratuities must be computed by the administrator. (§1336e(b).)

Under settled rules of law, controlling in this jurisdiction, even though no restrictive language appears in the Act, "the authority of the administrative body acting under such grant of power, is limited to the making of reasonable rules and regulations within the scope of the power granted....[and] must be confined to details for regulating the mode of proceeding to carry into effect the law as it has been enacted, and it cannot be extended to amending or adding to the require ments of the statute itself." . *Loglisci vs. Liquor Control Commission*, 123 Conn. 31, 37. Necessarily this would preclude the adoption of a regulation which would prevent the carrying out of the provisions of the Act.

Under this rule of law, the defendant could prescribe rea sonable methods of computing the average of such gratuities (see §1336e[b]) but he could not, of course, merely guess at them, and a construction of a taxing statute, such as this of course is, leaving the amount of the tax subject to the whim of the administrator would be wholly inadmissible and would prove a fatal blow to the constitutionality of the Act in its application to businesses where gratuities were involved.

The administrator was authorized to prescribe reasonable periods over which the average should be taken, reasonable sources of information from which the amounts of contribu tions could be ascertained, and similar provisions of like nature. *H. Duys & Co., Inc. vs. Tone*, 125 Conn. 300, 312.

The attack on Regulation 11 is directed against the proviso against "requiring" employees to give information. No claim is or could be made here that the defendant sought to force the plaintiff to agree to an unreasonable figure nor is any other part of Regulation 11 involved. The validity of the balance of Regulation 11 is not put in issue in this case.

While it is possible to conceive of reasons which might have prompted the defendant to promulgate the above quoted pro viso in this regulation (such as a feeling that a knowledge, on the part of the employer, of the amount of a particular em ployee's tips might tend to a reduction of his payroll wage), yet such reasons, however laudable, cannot justify such an

arbitrary destruction of the power in an employer to carry out properly the provisions of the Act as to reports of gratuities or leave him helpless as to a factual background for an intelligent determination of "the average of such gratuities" for taxing purposes.

It is hardly open to argument that the proviso in Regulation 11, in so far as it attempts to prevent an employer from requiring his employees to disclose the amount of tips received from his customers, is entirely outside any possible requirement of the law, is directly contrary to the whole intent and spirit of the law, and is void as arbitrary, unreasonable and an abuse of discretion.

However, the mere fact that part of a statute or regulation is void does not help the plaintiff unless it was injured by it. *State vs. Sinchuk*, 96 Conn. 605, 615.

In the instant case there is no evidence that this plaintiff ever requested any employee to give information as to the amount of his tips, nor that any such request, if made, would not have been granted. Had such a request been made and refused, and the plaintiff reported its dilemma (created by Regulation 11) to the defendant, and the defendant then insisted on suppressing the evidence essential to the proper computation of the plaintiff's tax liability under the Act through the medium of the above quoted proviso of Regulation 11, an entirely different question would have been before the court. The objectionable part of Regulation 11 was no impediment to the plaintiff's compliance with the law, and therefore its invalidity is of no advantage to this plaintiff. Its rights were not invaded by it. 11 *Am. Jur. Constitutional Law* §111; *State vs. Sinchuk, supra.*

This also disposes of the plaintiff's complaint that the defendant was remiss in not sooner levying the deficiency assessment. The defendant had no knowledge of the plaintiff's fraudulent returns prior to the investigation of its establishment, and certainly the plaintiff is in no position to complain because its fraud was not sooner detected. Furthermore the tax involved, with the interest, on the only contested part of the deficiency assessment, is trivial in amount, and the plaintiff cannot reasonably claim that its collection at this time would be productive of financial embarrassment.

The plaintiff also claims that the assessment is illegal be-

cause rendered without any evidence. On the contrary, the plaintiff furnished no evidence, and the evidence was not contradicted that the estimate of the tips was concurred in by both the plaintiff's manager and the employees. As far as appears, no one has any knowledge that the allowance for tips was incorrect or unreasonable as an average. The plaintiff was under a duty to make accurate returns. In the absence of any impediment to the performance of its duty arising from the void provision in Regulation 11 (and as pointed out there was none in this case) no reason appears why this plaintiff failed to submit an accurate return as to tips. When it not only failed to do this, but left out all reference to tips at all (the plaintiff, at the trial, having expressly and unequivocally waived all rights to the 20 days' written notice provided by section 1345e[f]), the defendant was authorized to make the assessment "on the basis of such information as he may be able to obtain", and it appears that he did so.

The plaintiff claims that over all this period of time tips fluctuated, both in the aggregate and with respect to individual personnel, and that some of these employees interrogated were not shown to have been working at the plaintiff's establishment during the earlier part of the period covered by the assessment appealed from. These difficulties were, as already pointed out, of the plaintiff's own making. For all that the defendant could know the plaintiff's report either included tips, or, if it did not, then none were permitted in its establishment. When a personal investigation finally brought to light the fact that the plaintiff's reports were, to its knowledge, false and fraudulent, the defendant appears to have acted on the best information obtainable.

The plaintiff's further claim, that inquiry of employees would not be feasible because they would presumably all give false answers anyway from motives of self-interest, is an attack on workers in the service trades unworthy of being dignified by a reply.

The plaintiff has not shown that the estimate given by its officer and accepted by the defendant was unreasonable, inaccurate, or, when confirmed by inquiry of at least four different operatives, not the best information obtainable. Indeed the plaintiff has not submitted any evidence from which the court could find any other figure.

The plaintiff has not shown that the action of the de-

·fendant was unreasonable, arbitrary or in abuse of his power or discretion. ˙*Beaverdale Memorial Park, Inc. vs. Danaher,* 127 Conn. 175, 182.

The plaintiff has abandoned all complaint of that part of the assessment covering the $4,000 salary item.

Judgment may enter denying and dismissing the appeal and confirming the assessment as made by the defendant, *in toto.*