HELEN LAROCHELLE *vs.* HICKORY HOUSE, INC.

MAY 20, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This is an employee's petition for review, under the workmen's compensation act, general laws 1938, chapter 300, article III, §13, seeking to amend an existing preliminary agreement on the ground that the average weekly wage as therein set forth is erroneous.   The case was heard by a justice of the superior court on an agreed

statement of facts. Thereafter, in accordance with his decision, a decree was entered granting partial relief. The case is before us on petitioner's appeal from such decree.

The case was certified to this court without a transcript and no agreed statement of facts was found by us among the papers. Consecutive entries on the jacket show that on March 10, 1952 the case was "Heard and parties to submit agreed statement of facts in 2 weeks," and on June 18, 1952, "Decision filed." If such statement was filed it is not known what became of it. Great care should be exercised in the filing, notation on the jacket, and preservation of important papers and records. Otherwise this court will be subjected to unnecessary inconvenience resulting in delay and possible loss of rights to the parties. However, we shall adopt for our opinion the agreed statement of facts, which is not questioned by the respondent, and which is set forth in full in petitioner's brief as follows:

"Agreed Statement of Facts

The petitioner sustained an injury July 1, 1949, in the course of her employment for respondent.

The preliminary agreement sets forth an average weekly wage of $4.80, ordering compensation at the rate of $15.00 per week which the petitioner has received continuously to the present. This average weekly wage is erroneous.

It is agreed that the period for computing petitioner's average weekly wage should be the four weeks immediately preceding her injury and that she worked just weekends. Specifically, in hours she worked as follows:

| Week ending July 3, 1949 | 16 hours |
| " " June 26, 1949 | 12 hours |
| " " June 19, 1949 | 20 hours |
| " " June 12, 1949 | 16 hours |
| | 64 |

Average weekly hours—16 hours

It is agreed that during said four weeks she received in wages, as follows:

| Week ending July | 3, | 1949 | $4.68 |
|---|---|---|---|
| " " | June 26, | 1949 | 3.76 |
| " " | June 19, | 1949 | 5.60 |
| " " | June 12, | 1949 | 4.68 |
| Total | | | $18.72 |
| Average wages paid weekly | | | 4.68 |

It is agreed that the average hourly wage in actual salary, therefore, is $.2924, and that this part of her wages, on a 40 hour basis would be an average of $11.70 weekly.

It is agreed that she received $3.00 worth of meals, which $3.00 should not be pro-rated on a 40 hour basis, bringing these portions of her salary to $14.70.

It is agreed that in addition to the above she received $15.00 each week in tips.

This brings us to the sole point of argument, i. e., whether these tips should be merely added to the $14.70 already agreed on, as the respondent contends; or whether these tips should be pro-rated as the cash salary is, on a 40 hour basis.

If the Court rules the tips should be merely added to the amount above agreed to, it is agreed that the average weekly wage would be $29.70, and that payments from injury to the present, and until further agreement or decree, should be $17.82.

If the Court rules that tips should be pro-rated on a 40 hour basis, then it is agreed that the average hourly wage in tips would be $.9375, and that the average weekly wage in tips would be, for 40 hours, $37.50, which when added to the $14.70 agreed upon would make petitioner's average weekly wage $52.20. On this basis, therefore, payments, from injury to the present and until further agreement or decree should be $28.00 weekly, the maximum."

On the issue raised by the above agreement, the sixth finding of the trial justice was as follows: "That the amount

of tips does not lend itself to the method of determining the average weekly wage given in the statute." The decree appealed from therefore ordered petitioner's average weekly wage amended to $29.70, and the weekly compensation payments amended to $17.82.

Before proceeding further we advert briefly to respondent's contention that this court, by force of the act and its own decisions, is without power to disturb such finding of fact as it is supported by legal evidence. We do not agree with that contention. In our judgment the sixth finding is not one of pure fact based on legal evidence but rather is a conclusion of law giving a reason for not making a pertinent finding of fact. As a question of law, therefore, it is open to review.

The precise issue in dispute is whether the average weekly wage set forth in the preliminary agreement should be amended to $29.70, as the trial justice decided, or to $52.20, as petitioner contends. In other words, the question raised is whether the employee, a part-time worker, is entitled only to the amount of the tips actually received by her, or whether such tips should be prorated on a 40-hour basis in the same manner as the amount of wages paid her directly by the employer. The answer to that question depends on the construction of G. L. 1938, chap. 300, art. II, §13, as amended by public laws 1941, chap. 1057, which reads as follows: "The 'average weekly wages, earnings, or salary' of an injured employee shall be ascertained as follows: (a) 'Average weekly wages, earnings or salary,' shall mean the average weekly wage earned by the employee at the time of the injury, reckoning wages as earned while working full time. 'Full time' shall mean not less than 40 times the hourly rate of wages or earnings."

Heretofore this court has not considered whether in a proper case tips are in substance part of an employee's wages or earnings. Following respondent's admission in the instant case that they should be so treated to the limited extent for

which it contends, we made an independent examination of the decisions in point and we are in agreement with the great weight of authority which holds that in certain employments the nature of the contract between employer and employee is such that tips are considered by both as part of the compensation which the employee receives for his services.

In accord with other courts, we cannot overlook the fact that in certain employments, such as waiters, porters, bellboys, and taxicab drivers, among others, tips are customary and have come to be considered, with the knowledge and consent of the employer, as part of the wages for service rendered by the employee. In such instances the patrons help the employer to pay the wages which are fairly due from him to the employee. In other words, as stated in *Powers's Case*, 275 Mass. 515, at page 519, the employer in effect saves: "in direct outgo for wages the amount received by the employee in tips." However, the inclusion of tips as wages is limited to those employments where the circumstances thereof disclose, either expressly or by reasonable inference, that it is understood and assented to between employer and employee that the tips received by the latter shall be retained by him as part of the wages for the service that he is required to perform. Each case must therefore rest on its own particular facts. *Sloat* v. *Rochester Taxicab Co.*, 177 App. Div. 57, aff'd 221 N. Y. 491; *Powers's Case, supra; Gross' Case*, 132 Me. 59. 75 A.L.R. 1224.

The ultimate point raised in the case at bar, namely, whether, in computing the average weekly wages in an employment where tips constitute a part of wages, the employee is entitled only to the amount of tips actually received or whether they should be prorated in like manner as wages paid directly by the employer, is a novel question in this court. We have been unable to find any decided case elsewhere dealing with the narrow issue under consideration and none has been cited to us by the parties. The

340

absence of such authority is, in our judgment, attributable to fundamental differences between the pertinent provisions in the statutes of other states and the heretofore-quoted formula prescribed by our act.

Notwithstanding respondent's contentions to which we will later refer, it is our judgment that the real question before us is one of policy rather than of statutory construction. The formula under consideration may be arbitrary and broad, yet it is simple in form, expresses the legislative intent in plain, ordinary language, and makes no exception or qualification as to the wages or earnings that shall constitute the basis for computing the average weekly wages of an employee at the time of injury. It leaves no room for doubt and speculation. If it is admitted or found as a fact from competent evidence that tips are intended by the parties to be treated as wages in addition to the compensation payable directly by the employer, the formula applies in determining the employee's average weekly wages. Since the legislature has expressed its intention in unambiguous language, it is not within our province to inquire concerning the soundness of its policy in the matter. Our duty is to ascertain and give effect to the intention of the legislature, if not contrary to law, as expressed in the act and not to redraft the statute.

The respondent first contends that the question of tips in general and the prorating thereof in particular was not contemplated by the legislature when it adopted the formula under discussion. The custom of tipping and of the retention of tips by an employee, with the consent of the employer, as part of his wages are not matters of recent origin nor unknown to the public generally. We do not believe that the members of our general assembly were unaware of such practices. In the absence of any provision in the act reflecting a legislative intent not to include tips as part of the employee's wages, we will not assume that the legislature intended to exclude tips in applying the formula for

the ascertainment of the average weekly wages in a proper case.

The respondent further contends that the "statute can be applied without ambiguity where an employer has established an hourly rate," which language we construe to mean that the prescribed formula for determining an employee's average weekly wages was intended to apply only in such cases. We are not impressed by this contention. There is no language in the act which suggests any such limitation. Admitting that in some employments wages are determined on·an hourly rate fixed by the employer, there are others in which industry pays its workers according to the number of parts, articles or amount of material produced by them during working hours. We cannot believe that the legislature did not intend to extend the protection of the act to the so-called "pieceworker," whose wages are controlled by the speed and dexterity with which he does his work rather than on an hourly rate of compensation fixed by the employer, or to persons engaged in certain occupations where the hourly or weekly wage paid directly by the employer is notoriously low because customarily it is expected to be supplemented by tips.

The final contention of respondent is that the "amount of tips in any given case is far from constant and is so speculative in character, that it does not lend itself to the method of determining the average weekly wage as set forth in the statute." It is true that the amount received in tips cannot be determined in advance and to that extent they are uncertain and speculative, but at the end of the working time, whatever that period may be, the hourly rate of the tips for the service rendered can be readily determined. The case of a pieceworker in a factory is quite comparable to that of a person who is engaged in an employment where tips are customarily received. The pieceworker increases his earnings by his speed and dexterity, while the earnings of a person in the other class of employments just mentioned

are usually augmented, through the medium of tips, in proportion to the personality, attention and competency of the individual in rendering the required service.

There is a stronger reason that militates against respondent's contention. In the kind of employment just above mentioned the employer is under no compulsion to permit an employee to receive and keep tips as part of wages. If, in order to reduce the amount reasonably expected to be paid by him directly for the requested service, he substantially reduces such amount for his own advantage and thus knowingly leaves the employee to make up the balance through tips, however variable or uncertain they may be, his complaint on the ground under discussion is without merit, since the resulting situation is one of his own making.

For the reasons stated, the trial justice was in error in refusing to prorate the petitioner's tips in the same manner as the wages paid directly by the employer.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for the entry of a new decree in accordance with this opinion.

*Raymond F. Henderson,* for petitioner.

*Higgins, Kingsley & Williamson, Donald A. Kingsley,* for respondent.