Gary VOLPE

v.

STILLMAN WHITE CO.

No. 78–279–A.

Supreme Court of Rhode Island.

June 9, 1980.

Abedon, Stanzler, Biener, Skolnik & Lipsey, Howard I. Lipsey, Linda J. Kushner, Providence, for petitioner.

Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan, Robert W. Lovegreen, Providence, for respondent.

OPINION

MURRAY, Justice.

The petitioner Gary Volpe appeals from denial of his workers' compensation claim under G.L.1956 (1968 Reenactment) § 28–33–19(n)(2) * for permanent disfigurement of his left foot. He claims that the Workers' Compensation Commission denied benefits erroneously, because it did not construe the word "leg" as used in the disfigurement-compensation statute to include the foot.

The facts underlying petitioner's claim are undisputed. On June 2, 1976, petitioner sustained third degree burns when molten metal spilled on his left foot. As a result, three toes had to be amputated and the upper portion of his foot sustained extensive scarring. He subsequently filed a petition with the Workers' Compensation Commission seeking compensation for permanent partial loss of the use of the left leg plus disfigurement of the lower left extremity. On October 21, 1977, a trial commissioner awarded compensation for petitioner's permanent partial loss of the use of his left foot under § 28–33–18 but denied the disfigurement claim under § 28–33–19(n)(2). On appeal, the full commission affirmed the determination of the trial commissioner that § 28–33–19(n)(2) did not provide compensation for disfigurement of a foot. The petitioner appealed to this court on June 19, 1978, from the ruling of the full commission. Thus, the sole question presented in this appeal is whether the word "leg" as used in § 28–33–19(n)(2) encompasses the foot. Section 28–33–19(n)(2) provides as follows:

"(n) In case of the following specified injuries [compensation] shall be paid * *

(2) For permanent disfigurement about the face, head, neck, hand, arm, or leg, the number of weeks which according to the determination of the [workers'] compensation commission is a proper and equitable compensation, not to exceed three

hundred (300) weeks, which sum shall be payable in addition to all other sums under this section wherever the same shall be applicable."

Our interpretation of the word "leg" is controlled by the intention of the Legislature in its enactment of § 28–33–19(n)(2). *Capaldi v. Liberty Tool & Gage Works, Inc.*, 99 R.I. 236, 206 A.2d 639 (1965); *Larochelle v. Hickory House, Inc.*, 80 R.I. 334, 96 A.2d 830 (1953). We presume that the Legislature intended that statutory terms, such as "leg" in § 28–33–19(n)(2), retain their plain and ordinary meaning unless a contrary intent is clearly shown on the face of the statute. *Pilkanis v. Leesona Corp.*, 101 R.I. 494, 224 A.2d 893 (1966). We find that the ordinary meaning of "leg" in relation to inclusion or exclusion of the foot depends on the circumstances in which the word is used. *See Rivera v. I. S. Spencer's Sons, Inc.*, 154 Conn. 162, 164, 223 A.2d 808, 809 (1966). Thus, we must construe the word "leg" in the context of § 28–33–19(n)(2) to determine whether the Legislature intended to exclude or include the foot in its provision for disfigurement compensation.

We have often stated that the Workers' Compensation Act is social legislation intended to help employees who have suffered job-related injuries. *E. g., DeNardo v. Fairmount Foundries Cranston, Inc.*, R.I., 399 A.2d 1229, 1236 (1979) (Kelleher, J. concurring); *Roy v. Providence Metalizing Company*, R.I., 381 A.2d 1051, 1053 (1978); *Church v. Doherty*, 107 R.I. 432, 435, 267 A.2d 693, 695 (1970). To effect that general legislative intent, we construe the provisions of the Workers' Compensation Act liberally. *Roy v. Providence Metalizing Company, supra; McAree v. Gerber Products Company*, 115 R.I. 243, 342 A.2d 608 (1975); *Church v. Doherty, supra.*

Consistent with the rule of liberal construction, we find that the Legislature intended to include the foot when it used the word "leg" in § 28–33–19(n)(2). In common

---

* Petitioner Volpe applied for compensation under G.L.1956 (1968 Reenactment) § 28–33–19(n)(2) as amended by P.L.1972, ch. 213, § 1.

That provision has since been reenacted by G.L.1956 (1979 Reenactment) § 28–33–19(n)(2).

usage, the word "leg" is often used to describe all portions of the lower extremity essential to movement of the body, including the knee, thigh, and foot. We believe that a comprehensive definition of the word "leg" as used in § 28–33–19(n)(2) will best serve the Legislature's intent to compensate employees who suffer permanent disfigurement of that limb.

The respondent Stillman White contends that specific enumeration of "the face, head, neck, hand, arm, or leg" in § 28–33–19(n)(2) indicates legislative intent to exclude from the benefits of the disfigurement statute all parts of the human anatomy not expressly stated. The respondent reasons further that the foot is distinct from the leg for purposes of § 28–33–19(n)(2) because "face" and "head" as well as "arm" and "hand" are provided for separately. Thus, respondent argues that the Legislature would have listed the foot in addition to the leg if it had intended to include it in § 28–33–19(n)(2).

 We believe that respondent's reliance on the principle that an express enumeration of items in a statute indicates legislative intent to exclude all items not listed is misplaced in this case. That principle is merely an aid to construction and is not dispositive of legislative intent in every instance. *Resnick v. East Brunswick Township Board of Education*, 77 N.J. 88, 99, 389 A.2d 944, 949 (1978). We must apply cautiously the principle that express enumeration of items in a statute impliedly excludes all others, so that the principle furthers, rather than defeats, legislative intent. *Id.*

The respondent further contends that in light of the definition of "disfigurement" in § 28–33–19(n)(2), the Legislature could not reasonably have intended to include the foot in the word "leg." We stated in *St. Laurent v. Kaiser Aluminum & Chemical Corporation*, 113 R.I. 10, 13, 316 A.2d 504, 506 (1974), "a disfigurement is 'that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, mis-shapen or imperfect or deforms in some manner.' *Supe-*

*rior Mining Co. v. Industrial Comm'n*, 309 Ill. 339, 340, 141 N.E. 165, 166 (1923)." Quoted in *Jones v. Grinnell Corporation*, 117 R.I. 44, 48, 362 A.2d 139, 142 (1976). According to respondent, that definition emphasizes visual appearance of the disfigurement to others. The respondent concludes therefrom that the Legislature did not intend to include the foot in § 28–33–19(n)(2) because the leg may be exposed at times, but the foot will always be shod.

We observe, however, that a disfigured foot would be highly visible in certain types of shoes and in circumstances in which shoes are not usually worn. We consider the fact that a disfigured foot may be concealed at times relevant only to the amount of compensation. *See Jones v. Grinnell Corporation* and *St. Laurent v. Kaiser Aluminum & Chemical Corporation*, both *supra.*

 We conclude that the Legislature intended to extend the protection of § 28–33–19(n)(2) to the foot when it used the word "leg" in that provision. We sustain the petitioner's appeal and reverse the decree appealed from and remand the case to the Workers' Compensation Commission for further proceedings.