Kevin J. McCORMICK

v.

ICE CREAM MACHINE COMPANY.

ICE CREAM MACHINE COMPANY

v.

Kevin J. McCORMICK.

No.(s) 79–320–Appeal, 80–322–Appeal.

Supreme Court of Rhode Island.

March 4, 1982.

Boyer, Reynolds & DeMarco, Bernard W. Boyer, Providence, for Kevin J. McCormick.

William Gerstenblatt, Providence, for Ice Cream Machine Co.

OPINION

MURRAY, Justice.

On August 27, 1978, Kevin J. McCormick (the employee) was injured during the course of his employment at Ice Cream Machine Company (the employer) of Cumberland, Rhode Island. The employee also worked at Atlantic Oilfield Systems (Atlantic) of Davisville, Rhode Island, during part of the preinjury thirteen-week period used in determining an injured employee's compensation. *See* G.L.1956 (1979 Reenactment) § 28–33–20.

The preliminary compensation agreement entered into by the employee and the employer provided that the weekly compensation for the employee's disability would be $86. This sum was calculated on the basis of an average weekly wage figure of $129.

On April 3, 1979, the employee filed a petition to review the agreement, alleging that the weekly compensation payments were based upon an erroneous average weekly wage. According to the employee, the correct figure was $177.93. The employer agreed that the average weekly wage used in the agreement was incorrect but asserted that the proper figure was $119.07.

After the hearing on the employee's petition, the trial commissioner granted the relief requested. On June 6, 1979, a decree was entered which ordered that the weekly payment should have been calculated on an average weekly wage of $177.93.

The employer thereupon filed a claim of appeal to the appellate commission, challenging the trial commissioner's method of computing the average weekly wage. On August 3, 1979, the appellate commission affirmed[1] the findings and orders contained in the decree of the trial commissioner. The employer appealed to this court from the final decree of the appellate commission.

Meanwhile, on June 11, 1979, the employer had also filed its own petition to review the compensation agreement. The trial commissioner denied and dismissed this petition on March 4, 1980, finding that his decision in the employee's petition was dispositive. The employer's subsequent appeal to the appellate commission was also denied

1. Commissioner Gilroy dissented.

and dismissed, the commission holding that its decision of the employer's earlier appeal was *res judicata.*

The employer has also appealed to this court from the appellate commission's denial of its second appeal. Because both appeals involve the same legal issue, the cases have been consolidated for review.

Both parties agree that the average weekly wage figure used in the preliminary compensation agreement was incorrect. Neither is it disputed that the average weekly wage for *one* employer would be calculated by dividing the employee's gross wages for the thirteen-week period before the injury by the number of weeks *actually* worked. *See LaBao v. Yankee Enterprises, Inc.,* No. 79–334–A., slip op. at 3 (R.I., filed February 2, 1982); G.L.1956 (1979 Reenactment) § 28–33–20. The single issue presented for our consideration is whether the trial commissioner used the correct formula to compute the average weekly wage of an employee who worked for more than one employer during the thirteen-week period preceding his injury.

The method used by the employee and accepted by both the trial commissioner and the appellate commission consists of separately calculating an average weekly wage for each employment. The two subtotals are then combined to arrive at the final figure. In the instant case, the gross wages earned during the thirteen-week period from employer ($726) divided by the number of weeks actually worked (twelve) equals $60.50. The gross wages earned at Atlantic ($822) divided by the weeks worked (seven) equals $117.43. These two subtotals produce a total average weekly wage figure of $177.93.

The formula advocated by the employer results in a much lower average weekly wage. The gross wages earned from both jobs during the relevant period ($1,548) divided by thirteen equal $119.07. This meth-

od of computation is significantly different from that used by the employee in that it fails to account for the fact that the employee did not actually work thirteen weeks in either job.

The computation of earnings, for the purposes of determining a worker's weekly compensation, is controlled by § 28–33–20, which provides in pertinent part:

"For the purposes of this chapter, the average weekly wage shall be ascertained by dividing the gross wages earned by the injured worker in employment by the employer in whose service he is injured during the thirteen (13) calendar weeks immediately preceding the week in which he was injured, by the number of calendar weeks during which, or any portion of which, such worker was actually employed by such employer, * * *. Where the injured employee has worked for more than one (1) employer during the thirteen (13) weeks immediately preceding his injury his average weekly wages shall be calculated upon the basis of wages earned from all such employers in the period involved * * *."

The employer argues principally[2] that the last sentence of the above-quoted portion of the statute prohibits the sum-of-the-average formula used by employee to compute his total average weekly wage. We do not agree.

Section 28–33–20 clearly provides the method to be used in cases in which there has been only one employer in the thirteen-week period preceding an employee's injury. Contrary to the employer's assertions, the statute does not make a specific recommendation for computing the average weekly wage where there has been more than one employer and where the employee has worked at neither job for the statutory period. It is only logical, however, to use the same formula for each employer in-

---

**2.** In support of his position, the employer cites two Florida cases: *American Uniform & Rental Service v. Trainer,* 262 So.2d 193 (Fla.1972); *Watson v. Merrill-Stephens Drydock and Repair Co.,* 1 F.C.R. 355 (1956). It is true that these cases approved the method of computa-

tion proposed to us by the employer. This argument is of little persuasive value, however, for the provision interpreted in these cases, Fla.Stat.Ann. § 440.14(1)(a) (West 1981), is very different from its Rhode Island counterpart, G.L.1956 (1979 Reenactment) § 28–33–20.

volved. We find that the appellate commission's application of the statute is fair and equitable and is in keeping with the frequently expressed principles that workers' compensation legislation is remedial in nature and that the provisions of the act are to be construed liberally. *Volpe v. Stillman White Co.*, R.I., 415 A.2d 1034, 1035 (1980); *Roy v. Providence Metalizing Co.*, 119 R.I. 630, 634, 381 A.2d 1051, 1053 (1978); *McAree v. Gerber Products Co.*, 115 R.I. 243, 248, 342 A.2d 608, 611 (1975).

The employer's appeals are denied and dismissed, the decrees appealed from are affirmed, and the case is remanded to the Workers' Compensation Commission.