No. 13,472.

INDUSTRIAL COMMISSION ET AL. *v.* LINDVAY.
(31 P. [2d] 495)

Decided March 19, 1934. Rehearing denied April 9, 1934.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Messrs. McCOMB & GREEN, for plaintiffs in error.

Mr. WILLIAM T. BURRIS, Mr. CHARLES J. RIBAR, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is a proceeding under the Workmen's Compensation Act of Colorado. The claimant was a bell boy in the employer company's hotel at Pueblo. For a compensable injury suffered by him the Industrial Commission awarded compensation, fixing the average weekly wages at $10. On the ground that this was much below the actual sum, he took his case to the district court, which set aside the award. The commission, the employer and the insurer ask for a reversal of that judgment.

It is conceded that, in ascertaining the average weekly wages, the commission did not consider the tips paid the claimant by guests of the hotel. The district court, however, included the tips in its calculation, held that the average weekly wages were $28 instead of $10, and therefore set aside the commission's award. The sole question before us is whether the commission or the district court was right. Subdivision (a) in section 47 of the act (C. L. 1921, §4421, as amended by S. L. 1929, page 648, §2) reads as follows: ''Whenever the term 'wages' is used, it shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the accident, either express or implied, and *shall not include gratuities received from employers or others,*

nor shall it include the amounts deducted by the employer under the contract of hire for material, supplies, tools and other things furnished and paid for by the employer and necessary for the performance of such contract by the employe, but the term 'wages' shall include the reasonable value of board, rent, housing, lodging or any other similar advantages received from the employer, the reasonable value of which shall be fixed and determined from the facts by the Commission in each particular case." (Italics are ours.) Such has been the law of Colorado since 1919. Cases are cited by counsel for the claimant from the courts of several states, expressly holding that tips or gratuities are a proper element of wages in compensation cases. The laws of those jurisdictions, however, do not specifically exclude "gratuities received from employers or others," as does the portion of our subdivision (a) above italicized. This declaration by the legislature must be enforced until the legislature itself sees fit to change it. Under our Constitution, courts possess no power to nullify by judicial repeal what has been regularly enacted by the legislative branch of the government. The language used in the present instance is clear and unambiguous. It cannot lawfully be given a contrary construction or inconsistent interpretation. The lower court erred in setting aside the award which the commission made in accordance with the express terms of our statute. The judgment must therefore be reversed with instructions to reinstate and affirm the award of the commission.

Judgment reversed with directions.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.