### FEDERAL UNDERWRITERS EXCHANGE v. HUSTED.

#### No. 1533.

Court of Civil Appeals of Texas. Eastland.

March 20, 1936.

Rehearing Denied May 15, 1936.

John F. Battaile, of Houston, for plaintiff in error.

Thomas & McDonald, of Big Spring, for defendant in error.

GRISSOM, Justice.

█ No brief for plaintiff in error has been filed in this cause. Its brief was mailed to the clerk of this court long after the time provided by law for its filing. Although notified that its brief had been received but not filed, no good cause or excuse of any kind has ever been offered to explain the delay and no request has been presented for filing it out of time. Defendant in error has filed his motion for affirmance of the judgment. Under this situation, it is our duty to affirm the judgment of the trial court, unless, upon inspection of the record, fundamental error is disclosed. Such error is, we think, not shown and the judgment of the district court should be affirmed for the reasons stated. Hinckley-Tandy Leather Co. v. Hazlewood (Tex.Civ.App.) 45 S.W.(2d) 1103; Mc-Graw v. Broach (Tex.Civ.App.) 46 S.W. (2d) 1056; Grissom v. Lopez (Tex.Civ. App.) 280 S.W. 613; Neilson v. Oakes (Tex.Civ.App.) 2 S.W.(2d) 553; Read v. Bergfeld (Tex.Civ.App.) 17 S.W.(2d) 167; Priddy v. Priddy (Tex.Civ.App.) 78 S.W. (2d) 1110; Brown v. Spector (Tex.Civ. App.) 70 S.W.(2d) 478; 3 Tex.Jur. § 650, p. 926; § 654, p. 934; § 656, p. 937; Thomas v. American Building & Loan Ass'n (Tex. Civ.App.) 70 S.W.(2d) 757.

█ We find the following recital in the judgment:

"The court further finds, based upon an agreement made in the said cause by counsel representing the parties that the weekly wage of plaintiff was $20.00 per week based upon what 'other employees were making in this county by way of tips, for a year prior to the time of the injury by plaintiff, and such agreement being accepted by the court."

We are of the opinion that said recital, if it suggests error, does not present fundamental error. If it be conceded that the

recital presents the question of whether or not tips may in any event be considered in determining the wages of an employee under the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306–8309), we answer the question in the affirmative. Lloyds Casualty Co. v. Meredith (Tex.Civ. App.) 63 S.W.(2d) 1051, and authorities there cited; Case of Powers et al., 275 Mass. 515, 176 N.E. 621, 75 A.L.R. 1220, and annotations.

The contrary holding in Industrial Commission of Colorado et al. v. Lindvay, 94 Colo. 531, 31 P.(2d) 495, by the Supreme Court of Colorado, was based upon a statute (C.L.Colo.1921, § 4421, as amended by Laws 1929, p. 648, § 2), which expressly provided that wages "shall not include gratuities received from employers or others." No such provision is found in our statutes.

The judgment of the district court is affirmed.