MONMOUTH COUNTY COMMON PLEAS COURT.

LILLIAN COATES, PETITIONER-APPELLEE, v. WARREN HOTEL, RESPONDENT-APPELLANT.

Decided June 7, 1940.

For the petitioner-appellee, *Levinson & Levinson.*

For the respondent-appellant, *Wilbur A. Stevens.*

GIORDANO, C. P. J. This matter come on before me on an appeal from a decision of the Workmen's Compensation Bureau, wherein petitioner was awarded compensation of 100 per cent. total permanent disability and her compensation rate fixed on wages, room and board and tips received as a waitress in the employ of respondent.

The petitioner-appellee while employed as a waitress by respondent had an accident on August 17th, 1938, while in the course of her employment by falling on a wet floor, causing a fracture of the hip resulting in complete loss of function from her hip down on the right side. Temporary compensation at the rate of $8.46 per week was paid up to and including November 17th, 1939.

The issues involved in this appeal are the justification of the bureau in taking into consideration the tips received by petitioner as a waitress in fixing the rate of wages under the meaning of the Workmen's Compensation act, and the justification of the bureau in awarding to the petitioner under the proofs in the case an award of 100 per cent. total disability.

From the indisputable facts, the petitioner agreed with the respondent-appellant to work for the respondent-appellant for the sum of $15 per month with room and board. This was the contract of employment. There are no facts from which any inference or inferences can be drawn to the contrary. The contract of employment speaks for itself; it is neither vague nor ambiguous, and, therefore, any award for compensation to be made should be on the basis of the contract of employment. The tips received by the petitioner were gratuities, and were so intended. They were no part of the contract of employment, and, therefore, should not be included in computing the wage rate of the petitioner.

*R. S.* 34:15-37 (*N. J. S. A.* 34:15-37) definitely excludes the consideration of tips:

"Wages when used in this chapter should be construed to mean the money rate at which the services rendered is recompensed under the contract of hire in force at the time of the accident, and shall not include gratuities received from the employer or others.

"Board and lodging when furnished by the employer as part of the wages should be included and valued at $5 per week, unless the money value of such advantages shall have been otherwise fixed by the parties at the time of the hire."

The foregoing excerpt from the statute controls the first phase of the situation before me and dispenses with the question on appeal concerning the inclusion or exclusion of the tips as part of the wages earned by this petitioner.

Compensation, therefore, should be awarded on the basis of her wages which amounted to $15 per month, together with room and board, which in accordance with the statute when the rate has not been fixed by contract, shall be $5 per week.

The other question which I must pass upon is whether or not the injuries received by this petitioner while in the course of her employment has totally disabled her, or whether, as contended by the respondent-appellant, she is disabled only to the extent of fifty per cent.

As a result of the accident in question petitioner now suffers from an ununited fracture of the neck of the right femur, there being no bony union of the same, partial absorption

of the head of the femur, loss of motion of the leg joints, atrophy and loss of muscle tone, shortening of the leg one and three-quarters inches and complete loss of function of this member requiring the use of crutches to get about.

The evidence further discloses that the petitioner complains of loss of weight since the accident, inability to sleep, leg aches all the time especially at night, the necessity to use crutches to get about at all, unable to go up and down stairs, extremely nervous, and inability to do any of the ordinary duties of a housekeeper.

Dr. Cuccinelli, who testified on respondent's behalf, admitted that the petitioner's power of locomotion is practically nil.

The proofs disclose a pre-existing condition characterized as myocarditis, hypertension, enlarged thyroid gland, hypertrophic arthritis of the spine. These conditions were admitted by petitioner's medical witnesses to have pre-existed the accident but claim that they were not functionally disabling. and definitely contend that this accident aggravated such pre-existing conditions. The petitioner, who is fifty-five years of age, testified that she had always enjoyed good health before the accident, was never sick before and had worked as a waitress for a period of twenty years preceding the accident.

Respondent-appellant relies upon *R. S.* 34:15-12b (*N. J. S. A.* 34:15-12b), which states that the loss of any two members shall be total disability, and argues that obviously from the proofs the petitioner has not suffered the loss of two members as a result of the accident, and, therefore, such disability falls short of total permanent disability, and that the compensation should be limited according to the schedule.

The court does not agree, and cannot agree, under the proofs before it, to such a narrow interpretation and application of the statute in question. The Workmen's Compensation act is to be treated as a remedial statute and should be liberally construed like other statutes of that character.

In all cases of this type, where the usefulness of a member, or where any physical function is permanently impaired, the compensation shall bear such relation to the amounts stated in the schedule as indicated in the statute referred to, as the disability bears to those produced in the accident and the

injuries named in the schedule. If it were to be otherwise, it would be too literal an application of the letter of the statute and quite inconsistent with its spirit. That the act is remedial in character appears by the entire trend of decisions in this state. It will suffice for present purposes to cite: *Jensen* v. *F. W. Woolworth,* 92 *N. J. L.* 529; 106 *Atl. Rep.* 808, a very recent decision of the Court of Errors and Appeals.

The purpose of the Workmen's Compensation act is to provide compensation for personal injuries out of and in the course of employment, and after setting forth schedules of compensation for temporary and permanent disability, it provides: "in all lesser and other cases involving permanent loss" proportionate compensation shall be made. Therefore, in the ascertainment of the amount of compensatory disability suffered by an injured employe, allowance for disfigurement in addition to the strictly functional loss ensuing from the injury is within both the letter and·spirit of the statute.

While the compensation afforded by the Workmen's Compensation act is based upon and measured by the workmen's earnings, the test of the liability is not the immediate impairment of earning power, but is rather the loss ensuing from the personal injury which detracts from the former efficiency of the workmen's body or its members in the ordinary pursuits of life.

The case of *Everhart* v. *Newark Cleaning and Dyeing Co.,* 119 *N. J. L.* 108; 194 *Atl. Rep.* 294, lays down the principle of law which must be applied in the present instance. The case of *Bateman Manufacturing Co.* v. *Smith,* 85 *N. J. L.* 409; 89 *Atl. Rep.* 979, relied upon by the respondent is not applicable to the situation.

The evidence overwhelmingly satisfies this court that the injuries received by this petitioner are directly attributable to this accident, and that as a result thereof she has been rendered functionally useless and permanently disabled to the extent of 100 per cent.

The award of compensation of 100 per cent. permanent disability is sustained and that part of the award based upon tips is vacated. All other awards made in this matter are affirmed.