No. 42,702

RALPH FRANK WALDROUPE, *Appellant,* v. HERBERT KELLEY and MARYLAND CASUALTY COMPANY, *Appellees* and *Cross-Appellants.*

(367 P. 2d 77)

Opinion filed December 9, 1961.

R. L. *White,* of Pittsburg, argued the cause, and R. L. *Letton* and J. *Curtis Nettels,* of Pittsburg, were with him on the briefs for the appellant.

*Randall D. Palmer,* of Pittsburg, argued the cause, and *Paul L. Wilbert* and E. *Carter Botkin,* of Pittsburg, were with him on the briefs for the appellees and cross-appellants.

The opinion of the court was delivered by

WERTZ, J.: This was a workmen's compensation case in which the claimant (appellant) became totally and permanently disabled while in the employ of respondent (appellee and cross-appellant).

Both the workmen's compensation commissioner and the trial court allowed compensation. The sole question involved in this appeal is the method or formula to be adopted in computing the compensation due claimant.

Appellant Ralph Waldroupe will be hereinafter referred to as claimant, and appellees and cross-appellants Herbert Kelley and his insurance carrier, Maryland Casualty Company, as respondent or employer.

A summary of the pertinent facts is as follows: Sometime in the spring of 1958 claimant and respondent entered into a contract whereby claimant was employed to work on the respondent's farm for the sum of thirty dollars per month, payable in advance, for performing the labor necessary to raise crops and attend the cattle. Claimant was permitted to live in a house trailer located on the farm. There was no agreement made as to the money value of the use of the trailer as lodging. The farm consisted of 400 acres of

pasture and 150 acres tillable soil. Maize was planted on 135 acres in 1958 and on 125 acres in 1959. There were twenty-three head of cattle, plus calves, during the summer and fall which required claimant's attention. During the summer months he would check cattle twice a week. This would take approximately one hour each time, and occasionally two hours. Claimant kept no record of the time. During the winter months he fed the cattle hay and silage each day. In March, claimant started the spring farm work. He used the farm implements in doing so. He planted row crops, cultivated them, and assisted in putting up hay and filling the silo. During the planting, cultivating and harvesting seasons claimant would work ten hours per day. Under the contract he was not to do any work on Sundays except tend the cattle. Claimant worked the number of hours and days per week necessary to perform whatever work was required on the farm. In his spare time claimant was permitted to work elsewhere.

The trial court found that the relation of employer and employee existed, that certain compensation and medical payments had been made by respondent, and that claimant was entitled to compensation for the remaining 388 weeks for general bodily disability; and further found

"9. That the contract of employment provided for wages at the rate of $30.00 per month; that where there is no hourly rate the daily wage must be determined and then the weekly wage found by multiplying that figure by the number of working days in the week, which the Court finds in this case to be six. It is therefore found that the daily rate was $0.99 and the weekly wage $5.94.

"As to the trailer, the Court finds that the money value of its occupancy was not fixed by the parties at the time of hiring. Therefore, in figuring the average weekly wage board and lodging must be included at $25.00.

. . . . . . . . . . . . . . .

"Therefore, the plaintiff's average weekly wage was $30.94." ($5.94 plus $25.)

The trial court entered judgment for weekly compensation for claimant in the amount of $18.56, based upon an average weekly wage of $30.94.

G. S. 1959 Supp., 44-511 provides in pertinent part

"(1) Whenever in this act the term 'wages' is used it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident . . . Board and lodging when furnished by the employer as part of the wages shall be included and valued at twenty-five dollars ($25) per week unless the money value of such advantages shall have been otherwise fixed by the parties at the time of

hiring. (2) . . . Where the rate of wages is fixed by the hour the daily wage shall be found by multiplying the hourly rate by the customary number of working hours constituting an ordinary day in the character of work involved."

Claimant contends that under the facts of this case the average weekly wage for compensation purposes should be ascertained by reducing the annual earnings to the hourly rate at which the claimant was actually paid which shall be determined by dividing the number of hours actually worked into the money actually received. The weekly wage shall be determined by multiplying the hourly rate times hours worked per day times the days worked per week.

Respondent contends that the record discloses and supports the conclusions of the trial court that the weekly wage was $5.94.

Both parties contend that neither our statutes nor case law provide a formula for reducing an annual or monthly wage to a weekly wage in computing the amount of compensation due.

In calculating claimant's weekly wage the trial court multiplied the monthly wage of $30 by twelve to obtain the yearly wage of $360, divided this amount by 365 to arrive at the daily wage of 99 cents, and multiplied the latter amount by six [working days per week] to obtain the $5.94 weekly wage; and inasmuch as the value of the lodging had not been agreed upon by claimant and employer, the court allowed the statutory allowance of $25 per week for lodging, thus making claimant's total weekly wage $30.94.

It is apparent from the plain wording of subsection (1) of the aforementioned statute that the term "wages" means the money rate at which the service rendered is paid under the contract of hiring in force at the time of the accident. (*Borchardt v. City of Leawood,* 178 Kan. 705, 290 P. 2d 811; *Leslie v. Reynolds,* 179 Kan. 422, 295 P. 2d 1076; *Workman v. Kansas City Bridge Co.,* 144 Kan. 139, 58 P. 2d 90.) It would appear that a simple formula is available to determine claimant's weekly wage by multiplying $30 per month by twelve to obtain a yearly salary of $360, and dividing that amount by fifty-two, making $6.92 per week, plus $25, the money value of the trailer as lodging, resulting in a weekly wage of $31.92.

Under the contract, since claimant agreed to work for a specified wage of $30 per month, he cannot increase his pay rate for compensation purposes by reducing his yearly pay rate to an hourly basis on the number of hours actually worked per day and then compute it on a 48-hour week.

Respondent apparently relied on the language of subsection (2)

of the mentioned statute. However, the contract of hiring did not fix the rate of wages by the output of the employee or by the hourly or daily wage—it fixed his wage by the month, and under the facts of the instant case that portion of the statute has no application to subsection (1). Inasmuch as the contract fixed claimant's wage at thirty dollars per month and lodging, we are not permitted to make a new contract for the parties nor read into the statute in controversy something clearly not intended.

Employer's cross-appeal is based upon the contention that the use of the house trailer on the farm by claimant was not furnished by respondent as a part of the wages of claimant but was merely available for use. The simple answer to this question is that the trial court found as to the trailer that the money value of its occupancy was not fixed by the parties at the time of hiring; therefore, in figuring the average weekly wage, board and lodging must be included at $25. (G. S. 1959 Supp., 44-511 [1]).

The record must be accepted as it is presented, and we are bound to accept as correct the findings of the trial court if there is substantial competent evidence to support them. (*Murray v. Ludowici-Celadon Co.*, 181 Kan. 556, 559, 313 P. 2d 728.) We conclude the findings of fact made by the trial court on this issue were supported by substantial competent evidence and, in turn, the conclusions of law were supported by and consistent with the findings of fact.

The judgment of the trial court as to claimant's appeal is affirmed as modified with directions to the trial court to enter judgment for compensation due claimant on the basis of a weekly wage of $31.92; and respondent's cross-appeal is affirmed.

It is so ordered.