## No. 26893

**In the Matter of Kay Petrafeck v. Industrial Commission of the State of Colorado, Albany Company, and State Compensation Insurance Fund, No. C-2-574-708**

(554 P.2d 1097)

Decided September 27, 1976.

Hoyman, Nanney & Dixon, P.C., John Hoyman, John F. Garrity, for petitioner.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Louis L. Kelley, Assistant, for respondent Industrial Commission of the State of Colorado.

Fred B. Dudley, John Kazer, Richard G. Fisher, Jr., for State Compensation Insurance Fund.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Kay Petrafeck suffered a serious injury while employed as a waitress at the Albany Hotel. She filed a workmen's compensation claim and obtained an award for compensation and medical benefits. The referee did not consider tips in computing her average weekly wages. As a result, she sought review by the Industrial Commission to obtain an award which would take into consideration the tips which she received as a waitress. She contends that tips constituted a part of her average weekly wage. The Industrial Commission affirmed the referee's order, relying upon our pronouncement in *Industrial Commission v. Lindvay*, 94 Colo. 531, 31 P.2d 495 (1934). A petition for review by this court followed because the constitutionality of section 8-47-101(2), C.R.S. 1973, was placed in issue by the claimant. Section 13-4-102(1)(b), C.R.S. 1973. We reverse and remand to the Industrial Commission with directions that an award be made that includes the claimant's tips as part of her average weekly wage. We overrule *Industrial Commission v. Lindvay, supra*, insofar as it is inconsistent with the mandates of this opinion.

It is clear that the payments for temporary total disability and for permanent partial disability were less than would be allowed if tips were considered in reaching an average weekly wage. In the 42 years that have elapsed since the announcement of *Industrial Commission v. Lindvay, supra*, a majority of the jurisdictions which have considered the same question which is before us today have reached a result that is diametrically opposed to that which reflected the judgment of this court in 1934. *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 62 S.Ct. 659, 86 L.Ed. 914 (1942); *Sturgill v. M & M, Inc.*, 329 A.2d 360 (Del. Sup. 1974); *Employers Commercial Union Insurance Co. v. Bryant*, 130 Ga.App. 596, 203 S.E.2d 896 (1974); *Deason v. Travelers Insurance*

*Co.,* 242 So. 2d 906 (La.App. 1971); *Gross' Case,* 132 Me. 59, 166 A. 55 (1933); *Power's Case,* 275 Mass. 515, 176 N.E. 621 (1931); *Sloate v. Rochester Taxicab Co.,* 177 App.Div. 57, 163 N.Y.S. 904, *aff'd,* 221 N.Y. 491, 116 N.E. 1076 (1917); *Larochelle v. Hickory House, Inc.,* 80 R.I. 334, 96 A.2d 830 (1953); *Bryson v. Benton,* 217 Tenn. 116, 395 S.W.2d 794 (1965); *Federal Underwriters Exchange v. Husted,* 94 S.W.2d 540 (Tex.Civ.App. 1936); 81 Am.Jur.2d *Workmen's Compensation* § 377 (1976).

█ The Colorado statute provides that the term "wages" "shall not include gratuities received from employers or others." Section 8-47-101(2), C.R.S. 1973. In *Industrial Commission v. Lindvay, supra,* this court stated that tips are gratuities within the meaning of the statute and, therefore, cannot be considered as wages in determining the average weekly wage and compensation benefits. Petitioner contends that the Industrial Commission has violated the Equal Protection Clause of the Fourteenth Amendment by an unconstitutional application of the statute. *U.S. Const.* amend. XIV. We agree.[1] The constitutional issue which we now address was not before this court in *Lindvay.*

█ We need not decide here whether distinctions between tips received as earnings and conventional wages involve a suspect category or a fundamental right. *See e.g., Massachusetts Board of Retirment v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *Hughes v. Alexandria Scrap Corp.,* 426 U.S. 794, 96 S.Ct. 2488, 49 L.Ed.2d 220 (1976); *Memorial Hospital v. Maricopa County,* 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974); *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). The constitutional minimum under the Equal Protection Clause is that a distinction between ostensibly similar classes must be rationally related to a legitimate state objective. *See Weinberger v. Wiesenfeld,* 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); *Chavez v. Shea,* 185 Colo. 400, 525 P.2d 1148 (1974) (Pringle, C.J. dissenting); *Covell v. Douglas,* 179 Colo. 443, 501 P.2d 1047 (1972), *cert. denied,* 412 U.S. 952, 93 S.Ct. 3000, 37 L.Ed.2d 1006 (1973).

In *City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194 (1967), we noted that:

---

[1] We decline to reconstrue the term "gratuities" as exclusive of tips on the basis of legislative intent. When a statute has received a definitive judicial construction and has subsequently been reenacted in the same form by the legislature, it is presumed that the legislature acted in light of that prior judicial construction. *See Smith v. Miller,* 153 Colo. 35, 384 P.2d 738 (1963); *c.f., Sturgill v. M & M, Inc.,* 329 A.2d 360 (Del. Sup. 1974), reconstruing a statute virtually identical to Colorado enactment.

"The Workmen's Compensation Act was enacted for a beneficial purpose — to allay the adverse economic effects upon a workman which flow from a disabling accident. In order to carry out the intended purpose of the Act, it is necessary to avoid hypertechnical refinements in the construction of the terms and provisions of the Act."

Under the construction applied to the term "gratuities" in *Lindvay*, the purpose of the Act is not met in the case of employees receiving significant portions of their earnings in the form of tips. In the case of Mrs. Petrafeck, her computed "wages" were reduced to a level hardly sufficient to reasonably "allay the adverse effects" of her job-related injury.[2]

The touchstone of the Colorado Workmen's Compensation scheme is the "contract of hire, either express or implied." Section 8-47-101(2), C.R.S. 1973. An injured employee who received a straight hourly wage has the total amount of that wage considered in his award. An injured employee who received some part of her earnings, under the "contract of hire," as tips does not receive equal treatment. Moreover, from the standpoint of both the employer and the employee, tips are an integral part of the contract of hire and comprise a substantial portion of the employee's average weekly wage. The employee is compelled to pay income taxes on the tips which are received in connection with his employment. Int. Rev. Code of 1954, § 61; section 39-22-110, C.R.S. 1973. To exclude tips from an employee's average weekly wage requires that a penalty be imposed on all employees that depend, to some extent, on tips for their income.

We do not perceive, and respondent does not propose, any rational basis for this differential treatment. The fact that the wages of an employee who receives tips as part of her contract of hire is more speculative and incapable of precise prospective determination than that of a straight hourly wage-earner is an insufficient basis for distinction. The Workmen's Compensation Act allows consideration of the average wage of employees paid on a "piece-work" or commission basis. Section 8-47-101(3), C.R.S. 1973. Moreover, mere considerations of administrative expediency are not alone generally perceived as forming a sufficient rational basis for an otherwise irrational distinction. *Compare Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), *with Memorial Hospital v. Maricopa County*, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974), *and Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972).

Accordingly, we reverse and remand to the Industrial Commission for reconsideration of the petitioner's claim and for an award that is

---

[2] The referee found that petitioner's average weekly wage, consisting of hourly wages and meals, was $45.13. This resulted in a weekly compensation rate of $30.19. The referee further found that if petitioner's tips were included, her average weekly wage would have been $120.13, resulting in a weekly compensation rate of $64.75.

consistent with the views expressed herein.