■ In the Matter of the Claim of MICHAEL O'NEIL, Respondent, v WILLIAM RANDOLPH DAIRY FARM et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed September 17, 1976 and January 4, 1978, which held that claimant had sustained an injury arising out of and in the course of his employment and affirmed an award to him of compensation benefits. On March 17, 1975, claimant was hired by the appellant employer as a farmhand. That same day, after he had completed his work at about 6:00 P.M., he along with a fellow employee went to cut wood for a stove used to heat the house on the farm in which they both lived. While claimant was thus occupied cutting down a tree, a limb fell on his head and severely injured him, and the instant claim resulted wherein the board determined that claimant's injuries were compensable. Initially, on this appeal, we conclude that the finding of compensability must be sustained. There is ample evidence in the record to establish that claimant was to be paid only a

minimal salary of $60 per week for working 12-hour days and that, accordingly, he was also to be supplied with a free residence on the farm, including free heat, utilities and milk, as additional compensation. Such being the case, he should clearly be compensated for injuries sustained while he was engaged in the normal and expected activity of cutting firewood near his residence (cf. *Matter of Feliciano v Woodlea Nursery,* 57 AD2d 979). In reference to the amount of the award for compensation, the board found: "Upon review the Board Panel finds, based on the record which indicates that the employer provided the house, fuel, utilities, milk, etc. for Bill Barron and his family and that the claimant stayed with the Barrons in exchange for helping around the house, that the value of such benefits is $47 a week and that the claimant's cash salary received of $60 plus the $47 in benefits gives claimant an average weekly wage of $107 a week." Wages, as defined by subdivision 9 of section 2 of the Workers' Compensation Law, as pertinent, include: "the reasonable value of board, rent, housing, lodging or similar advantage received from the employer". The board was not obligated to accept the figures as estimated, but was free to rely upon its experience and expertise in deciding the factual issues involved (see *Matter of Slocum v Manhattan Stor. & Warehouse Co.,* 261 App Div 1025; *Matter of Bohen v McLain Constr. Corp.,* 257 App Div 887; *Matter of Fairchild v Pennsylvania R. R. Co.,* 170 App Div 135). Since there is substantial evidence to support the board's determination, it should be affirmed. Decisions affirmed, with costs to the Workers' Compensation Board. Greenblott, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.