634 P.2d 410 (1981)
Shirley A. CARTER, Plaintiff-Appellee,
v.
FIREMEN'S PENSION FUND OF the CITY AND COUNTY OF DENVER; Board of Trustees of the Firemen's Pension Fund; and Dan P. Cronin, Manager of Safety, Secretary, Firemen's Pension Fund, Defendants-Appellants.
No. 80SA369.
Supreme Court of Colorado, En Banc.
September 8, 1981.
Rehearing Denied October 5, 1981.
*411 Shelley B. Don, Bruce A. Lampert, Denver, for plaintiff-appellee.
Max P. Zall, City Atty., Geoffrey S. Wasson, Asst. City Atty., Denver, for defendants-appellants.
HODGES, Chief Justice.
In this appeal, defendants-appellants (the Fund) urge reversal of the trial court's judgment declaring unconstitutional the provision of the firemen's pension statute which denies benefits to a surviving common-law spouse. We affirm.
Plaintiff-appellee, Shirley A. Carter (claimant), applied to the Firemen's Pension Fund for widow's benefits following the death of her common-law husband, fireman Merlin Carter. The parties have stipulated that a valid common-law marriage existed.
The claimant's application was denied on the ground that the marriage between the fireman and the claimant was not "legally performed by a duly authorized person" as required by section 31-30-509, C.R.S.1973 (1980 Supp. to 1977 Repl. Vol. 12), which provides in pertinent part:
"If any member, officer, or employee of said fire department dies from any cause while in the service or while on the retired list, leaving a surviving spouse whom such officer, member, or employee married previous to his application for retirement or previous to April 5, 1945, if he was then on the retired list, such marriage having been legally performed by a duly authorized person, such surviving spouse shall be awarded a monthly annuity...." (Emphasis added.)
The claimant challenged this denial of pension benefits in the trial court, which entered a judgment holding that the provision of section 31-30-509, C.R.S.1973 (1980 Supp. to 1977 Repl. Vol. 12), which distinguishes between common-law and statutory marriages, is unconstitutional.
The sole issue before this court is whether this provision of the firemen's pension statute is unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In determining this issue, the following considerations must be examined: "[T]he character of the classification in question; the individual interests affected by the classification; and the governmental interests asserted in support of the classification." Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972).
The firemen's pension statute treats common-law spouses differently than spouses whose marriages have been solemnized. The parties agree that the test which should be applied to determine whether this differential treatment comports with equal protection of the laws is whether it bears a rational relationship to a legitimate state interest. See McDonald v. Board of Election Commissioners of Chicago, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969); Stevenson v. Industrial Commission, 190 Colo. 234, 545 P.2d 712 (1976). No contention is made that the classification  common-law spouses  is suspect, See Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1967), or that the individual interest of the claimant in a monthly annuity affected by this classification is a fundamental right. Thus, the claimant does not urge that we examine the challenged statute with the more intensive level of scrutiny which would be required where a suspect classification or fundamental right is involved. In our analysis of this statute, we therefore apply the standard of review generally known as the rational basis test.
The Fund asserts that there are at least two legitimate state interests which justify the requirement that a marriage be "legally performed by a duly authorized person" before a surviving spouse may successfully claim pension benefits. First, the Fund argues that it is easier to prove the existence of a marriage "legally performed by a duly authorized person" than it is to prove the existence of a common-law marriage. Consequently, the Fund contends the distinction which section 31-30-509, C.R.S.1973 (1980 Supp. to 1977 Repl. Vol. 12), draws between statutory and common-law marriages serves the legitimate state interest of reducing the number of fraudulent claims which may be filed.
*412 Second, the Fund argues that section 31-30-509, C.R.S.1973 (1980 Supp. to 1977 Repl. Vol. 12), as written, protects a fireman's minor children by a prior marriage from a claim by a common-law spouse. Specifically, section 31-30-510, C.R.S.1973 (1980 Supp. to 1977 Repl. Vol. 12), provides that if a fireman leaves no surviving spouse, then any surviving children of the fireman under the age of eighteen years are to share the pension benefits equally. The Fund argues that requiring a marriage to be "legally performed by a duly authorized person" protects the rights of a fireman's surviving minor children because the fireman must take the affirmative step of participating in a statutory marriage in order to divest his minor children by a prior marriage of their contingent interest in his pension.
Neither of the Fund's asserted justifications for the validity of this statutory requirement satisfies the rational basis test.
Administrative convenience alone cannot be deemed a sufficient rational basis to support an otherwise irrational distinction. Petrafeck v. Industrial Commission, 191 Colo. 566, 554 P.2d 1097 (1976); see Memorial Hospital v. Maricopa County, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974); Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973). Consequently, the Fund's first asserted justification regarding the ready availability of proof of a statutory marriage as opposed to the speculative nature of proof of a common-law marriage cannot form the rational basis required by equal protection. This state has long recognized the validity of common-law marriages, Klipfel's Estate v. Klipfel, 41 Colo. 40, 92 P. 26 (1907); Taylor v. Taylor, 10 Colo.App. 303, 50 P. 1049 (1897).
The fact that a marriage created in one manner is easier to prove than a marriage created in another manner cannot alone justify the distinction contained in the statute. Because there are reasonable alternative means for determining the validity of a common-law marriage, administrative convenience alone cannot provide a rational basis for a statute which deprives a common-law spouse of pension benefits in all cases. See Vlandis v. Kline, supra.
Nor does the Fund's second asserted justification provide a rational basis for the statutory distinction between marriages "legally performed by a duly authorized person" and common-law marriages. The Fund's contention that section 31-30-509, C.R.S.1973 (1980 Supp. to 1977 Repl. Vol. 12), protects the contingent rights of a fireman's minor children to the fireman's pension because it requires that a fireman take an affirmative step, i. e., participate in a statutory marriage, before the fireman may divest those minor children of their contingent right in the pension, misapprehends the nature of a common-law marriage.
This court set down the standard for a valid common-law marriage in Klipfel's Estate v. Klipfel, supra: "`By the statutes of Colorado, marriage is declared to be a civil contract, and there is only one essential requirement to its validity between parties capable of contracting, viz., consent of the parties. * * * It follows, therefore, that a marriage contract between parties of contracting capacity, which possesses the one essential prerequisite, may be valid, although no provision of the statute as to its solemnization may have been followed or attempted. In other words, in this state a marriage simply by agreement of the parties, followed by cohabitation as husband and wife, and such other attendant circumstances as are necessary to constitute what is termed a common-law marriage, may be valid and binding.'"
A common-law marriage is not a casual relationship, but requires just as much affirmative conduct on the part of the fireman as does a statutory marriage. Klipfel's Estate v. Klipfel, supra.
Finally, we note that section 31-30-509, C.R.S.1973 (1980 Supp. to 1977 Repl. Vol. 12), is the only pension provision in Title 31 of the Revised Statutes with the requirement that to successfully claim benefits a surviving spouse must have been married in a ceremony "legally performed by a duly *413 authorized person." Each of the other pension provisions contained in Title 31 refers to the "surviving spouse" as being entitled to pension benefits without any limitation as to the manner in which the marriage was entered into. See section 31-30-321(1)(c), C.R.S.1973 (1980 Supp. to 1977 Repl. Vol. 12) (policemen); section 31-30-407(2), C.R. S.1973 (1980 Supp. to 1977 Repl. Vol. 12) (firemen); section 31-30-415(5), C.R.S.1973 (1980 Supp. to 1977 Repl. Vol. 12) (volunteer firemen); section 31-30-608(2), C.R.S.1973 (1980 Supp. to 1977 Repl. Vol. 12) (policemen-cities over 100,000).
The provision of section 31-30-509, C.R.S. 1973 (1980 Supp. to 1977 Repl. Vol. 12), insofar as it distinguishes between surviving spouses of marriages "legally performed by a duly authorized person," and surviving spouses of common-law marriages is unconstitutional and may not be applied.
Accordingly, we affirm the judgment of the trial court.