Charles ROMERO, Petitioner,

v.

**U–LET–US SKYCAP SERVICES, INC.; State Compensation Insurance Fund, and the Industrial Commission of the State of Colorado, Respondents.**

No. 86CA0502.

Colorado Court of Appeals, Div. II.

June 25, 1987.

Butler, Landrum, Pierce & Turner, P.C., Robert W. Turner, Lakewood, for petitioner.

Samuel H. Collins, Mark Rau, Denver, for respondents U–Let–Us Skycap Services, Inc., and State Compensation Ins. Fund.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent Indus. Com.

SMITH, Judge.

Charles Romero, claimant, seeks review of a final order of the Industrial Commission which determined that his average weekly wage was properly calculated based on only a percentage of his tip income. We set aside the order.

Claimant, an airport skycap, suffered an admitted injury disabling him from his duties. The employer admitted liability for an average weekly wage of $80.24, which claimant contested. The Commission found that claimant had worked four hours per day for minimum wage plus tips and, with his employer's permission, continued to perform the same work at the same location for an additional six hours per day for tips only. The Commission also found that claimant's income for the year prior to his injury was $884 in wages and $15,000 in tips.

The Commission concluded that claimant worked for the employer only four of his ten hours per day and that he "worked for himself" the rest of the day. Hence, it ruled that only forty percent of the tips should be attributed to the employer. Based on the wages plus forty percent of the tips, the Commission calculated claimant's average weekly wage to be $137.68.

On review, claimant contends that all his tip income should be included in calculating his average weekly wage. We agree.

■ The purpose of temporary disability benefits is to compensate the injured worker for actual loss of earnings as a result of an industrial injury. *See Monfort v. Husson,* 725 P.2d 67 (Colo.App.1986). Benefits are based on the employee's average weekly wage, with wages being defined as "the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the injury, either express or implied." Section 8–47–101, C.R.S. (1986 Repl.Vol. 3B). Tip income is included in the calculation of average weekly wage. *Petrafeck v. Industrial Commission,* 191 Colo. 566, 554 P.2d 1097 (1976). The requirement of a contract for hire should not be applied in a technical or formal way, but rather should be interpreted to protect the worker. *See Rocky Mountain Dairy Products v. Pease,* 161 Colo. 216, 422 P.2d 630 (1966).

■ Here, claimant provided precisely the same skycap services for ten hours each day, at the same location, in the same uniform, and subject to the same direction and supervision. The benefit to the employer was the same during each of these working hours. Thus, the fact that the employer paid claimant wages for only four hours per day does not justify the conclusion for workmen's compensation purposes that claimant was self-employed during the other six hours. On the contrary, we conclude that claimant's employment contract for purposes of the act covered both the hours for which he received wages and tips and the additional hours during which he received only tips but remained under the direction and control of the employer.

The order is set aside, and the cause is remanded to the Industrial Claim Appeals Office with directions to remand to the Division for redetermination of claimant's temporary disability benefits, using an av-

erage weekly wage based upon his wages plus all of his tip income.

TURSI and BABCOCK, JJ., concur.