**Jerry L. SIMMONDS, Petitioner,**

v.

**EASTMAN KODAK COMPANY, The Industrial Claim Appeals Office of the State of Colorado, and The Division of Labor, State of Colorado, Respondents.**

**No. 88CA0915.**

Colorado Court of Appeals,
Div. C.

June 8, 1989.

Rehearing Denied July 13, 1989.

Certiorari Denied Oct. 23, 1989.

Richard T. Goold, Denver, for petitioner.

Clara Michiko Ooyama, Rochester, N.Y., Sherman & Howard, Lee Dale, Denver, for respondent Eastman Kodak Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carolyn A. Boyd, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office and Div. of Labor, State of Colo.

Opinion by Judge STERNBERG.

The claimant, Jerry L. Simmonds, seeks review of an order of the Industrial Claim Appeals Office (Panel) which held that the money he received under the "wage dividend plan" of his employer, Eastman Kodak Company, did not constitute wages to be included in the computation of his average weekly wage for workmen's compensation purposes. We set aside the order.

The claimant was injured in an accident arising out of and in the course of his employment in 1985. Kodak admitted liability for benefits; however, the basis for the computation of his gross average weekly wage is disputed.

Under Kodak's wage dividend plan, its board of directors may declare bonuses annually for its employees. It is not a mandatory plan; instead, each year the board exercises discretion in deciding whether to declare a dividend. The amount of the dividend is also discretionary with the board. An employee who resigns or is terminated prior to the last day of the year is not eligible to receive the wage dividend for that year.

The claimant was employed by Kodak from 1973 through 1985. He received, in addition to his salary, a wage dividend for each of those years. Such a dividend was declared for 1985 and claimant was paid his portion, $1,763, in March 1986. This amounted to just over 10% of his total wage. The wage dividend was included in claimant's W2 Form, and he paid FICA and income taxes on it.

The claimant contends that monies he received under the wage dividend plan should be included in the computation of his average weekly wage. Kodak, on the other hand, points to the language in § 8–47–101(2), C.R.S. (1986 Repl.Vol. 3B) which, in defining "wages," states that the computation "shall not include gratuities...." We agree with the claimant.

Section 8–47–101(2) provides:

"Whenever the term 'wages' is used, it shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the injury, either express or implied, and shall not include gratuities received from employers or others, nor shall it include the amounts deducted by the employer under the contract of hire for materials, supplies, tools, and other things furnished and paid for by the employer and necessary for the performance of such contract by the employee; but the term 'wages' shall include the reasonable value of board, rent, housing, lodging, or any other similar advantages received from the employer, the reasonable value of which shall be fixed and determined from the facts by the division in each particular case."

As stated by the supreme court in *City of Boulder v. Payne*, 162 Colo. 345, 426 P.2d 194 (1967):

"The Workmen's Compensation Act was enacted for a beneficial purpose—to allay the adverse economic effects upon a workman which flow from a *disabling* accident. In order to carry out the intended purpose of the Act, it is necessary to avoid hypertechnical refinements in the construction of the terms and provisions of the Act." (emphasis in original)

Bearing in mind this guideline to be used in interpreting the Workmen's Compensation Act, we hold that a bonus such as this, given as compensation for working, and which is subject to income taxes and FICA, does not come within any commonly understood definition of the term gratuity.

As stated by this court in *Murphy v. Ampex Corp.*, 703 P.2d 632 (Colo.App. 1985), to determine the permanent financial loss to a claimant, consideration must be given to "the monetary loss which claimant sustained as a result of an injury and the subsequent termination by the employer." While that case was interpreting a statute relating to a different type of benefits payable to an employee, nevertheless, the rationale is persuasive here.

In *In re Petrafeck v. Industrial Commission*, 191 Colo. 566, 554 P.2d 1097 (1976), the court held that failure to include tips received by a waitress in determination of an average weekly wage would violate the equal protection clause of the Fourteenth Amendment. While there are significant differences between tips and a bonus such as that involved here, nevertheless, the same reasoning is applicable. The employee is concerned primarily with the total income he receives. The fact that some of it is given in the form of an annual dividend, or bonus, is of no real significance. Also, that the bonus had become part of the expected consideration or recompense for the job is evidenced by the fact it had been paid for each of the 13 years claimant worked for Kodak.

Finally, we note that in 2 A. Larson, *Workmen's Compensation Law* § 60.12 (1987), it is stated that:

"In computing actual earnings as the beginning point of wage-basis calculations, there should be included not only wages and salary but any thing of value received as consideration for the work, as, for example, tips, bonuses, commissions and room and board, constituting real economic gain to the employee."

Thus, considering the purposes of the Workmen's Compensation Act, we decline to adopt a strained definition of the term gratuity; instead, we look to the realities of the situation and note that the wage dividend in this case is consideration paid for the work performed by claimant and is an economic benefit to him arising from his employment. As a bonus it is merely an alternate form of payment of wages. Therefore, we hold that the wage dividend here should be included in the computation of claimant's average weekly wage.

Order set aside.

PLANK and NEY, JJ., concur.

