Jim L. HIGGS, Petitioner,

v.

WESTERN LANDSCAPING & SPRIN-
KLER SYSTEMS, INC., the Industrial
Claim Appeals Office of the State of
Colorado, and Robert Husson, as the
Director, Colorado Division of Labor,
Workers' Compensation Section, and
the State Compensation Insurance Au-
thority, Respondents.

No. 88CA1641.

Colorado Court of Appeals,
Div. IV.

Aug. 24, 1989.

Rehearing Denied Sept. 28, 1989.

Certiorari Granted March 12, 1990.

Withers, Seidman & Rice, P.C., Gudrun
Rice, Grand Junction, for petitioner.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., and Michael J. Steiner,
First Asst. Atty. Gen., Denver, for respon-
dents The Industrial Claim Appeals Office
and Robert Husson, Director, Colorado
Div. of Labor.

Paul Tochtrop, Denver, for respondent
State Compensation Ins. Authority.

No appearance for respondent Western
Landscaping & Sprinkler Systems, Inc.

Opinion by Judge REED.

The claimant, Jim L. Higgs, seeks review
of the order of the Industrial Claim Ap-
peals Office (Panel) which affirmed the
findings and order of the Administrative
Law Judge (ALJ) awarding temporary dis-
ability benefits to the claimant. Specifical-
ly, he challenges the portion of the order
which determined the amount of his aver-
age weekly wages upon which the award of
benefits was based. We affirm.

Claimant sustained an admitted in-
jury arising out of and in the course of his
work as a farm and ranch worker. At the
time of his injury his employer provided to
him, without cost, housing, farm produce,

and like benefits of a substantial value. These benefits were in addition to the cash wages received by him which were reflected on his W–2 income tax form. Pursuant to § 8–47–101(2), C.R.S. (1988 Cum. Supp.), the ALJ included only claimant's W–2 wages in computing his "average weekly wage." The sole issue on review is whether the statute governing wage computation for farm and ranch employees under the Colorado Workmen's Compensation Act (Act) operates to deny claimant equal protection under the law.

Under § 8–47–101(2), C.R.S. (1988 Cum. Supp.), the calculation of a claimant's average weekly wage is required to include "the reasonable value of board, rent, housing, lodging, or any other similar advantages received from the employer...." But, it further provides that: "The term 'wages' as applied to farm and ranch labor employees and as applied to employees of agricultural corporations shall be based solely on the income reported on the employees' W–2 form for federal income tax purposes."

The claimant contends that the statutory distinction between farm and ranch employees and all other employees is unreasonable and arbitrary and, therefore represents a denial of equal protection under the law. We do not agree.

■■■ The proper standard for determining whether the statutory classification violates equal protection is the "rational" relation standard. *Bellendir v. Kezer*, 648 P.2d 645 (Colo.1982). Under this standard a legislative enactment is presumed valid and the burden is upon the party challenging the constitutionality of the enactment to prove its invalidity beyond a reasonable doubt. *Colorado Society of Community & Institutional Psychologists, Inc. v. Lamm*, 741 P.2d 707 (Colo.1987). A statute will be invalidated only if there is no reasonably, conceivable set of facts which establishes a rational relationship between the statute and a permissible governmental purpose. *Colorado Society of Community & Institutional Psychologists, Inc. v. Lamm, supra.*

Constitutional challenges similar to that asserted by the claimant here have been rejected by the federal courts. In *Romero v. Hodgson*, 319 F.Supp. 1201 (N.D.Cal. 1970), *aff'd*, 403 U.S. 901, 91 S.Ct. 2215, 29 L.Ed.2d 678 (1971), the court rejected an equal protection challenge to the exclusion of agricultural workers from coverage under the Federal Unemployment Tax Act and similar state statute. *Romero* was summarily affirmed by the United States Supreme Court and was treated as controlling precedent in *Doe v. Hodgson*, 478 F.2d 537 (2d Cir.1973), a case challenging the constitutionality of various state and federal laws excluding benefits and protection from agricultural workers.

Similarly, our supreme court followed *Romero* in ruling that the total exclusion of farm and ranch workers from the Colorado Workmen's Compensation Act prior to 1971 did not violate equal protection. *Anaya v. Industrial Commission*, 182 Colo. 244, 512 P.2d 625 (1973). The court in *Anaya* stated, "It is not our province to comment on the logic or policy of the general assembly in making this exclusion. Rather, our duty is to determine whether there is a reasonable basis for this classification."

The reasonable basis identified in *Romero,* and accepted in *Anaya*, was stated as follows in *Romero:*

> "[T]he exclusion of agriculture from unemployment compensation can be seen as an indirect subsidy of a 'beneficent enterprise', or as an effort to save the compensation fund from the drain which would result from the inclusion of another large 'deficit industry,' or even as a necessary political compromise without which it would have been impossible to inaugurate a most important reform in American institutions."

Claimant argues, however, that because agricultural workers are now included within the Workmen's Compensation Act, their entitlement to benefits must be calculated the same as other employees under the Act. We disagree. As noted by our supreme court in *Billings Ditch Co. v. Industrial Commission*, 127 Colo. 69, 253

P.2d 1058 (1953), the courts must defer not only to legislative determinations as to coverage under the Act, but also to the "extent and degree" of such coverage.

Claimant's reliance upon *Petrafeck v. Industrial Commission*, 191 Colo. 566, 554 P.2d 1097 (1976) is misplaced. In *Petrafeck*, the disparate treatment of employees had no rational basis nor did it serve any legitimate state interest. Here, in contrast, there is a long-standing governmental interest in assisting the agricultural industry. *See Anaya v. Industrial Commission, supra; Romero v. Hodgson, supra.*

We conclude that the claimant has failed to show that § 8–47–101(2), as applied to farm and ranch labor employees, bears no rational relationship to a legitimate legislative goal. Accordingly, we hold that the challenged statute is constitutionally sound and does not violate the claimant's right to equal protection of the law.

Order affirmed.

PLANK, J., concurs.

DUBOFSKY, J., dissents.

Judge DUBOFSKY dissenting.

I respectfully dissent.

The primary cases relied upon by the majority to support its analysis that the statutory scheme here does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution are *Romero v. Hodgson*, 319 F.Supp. 1201 (N.D.Cal.1970), *aff'd*, 403 U.S. 901, 91 S.Ct. 2215, 29 L.Ed.2d 678 (1971), and *Anaya v. Industrial Commission*, 182 Colo. 244, 512 P.2d 625 (1973). *Anaya* held that the *total exclusion* of farm and ranch workers from the Colorado Workmen's Compensation Act (Act) did not violate the Equal Protection Clause. However, the validity of arguments justifying the exclusion of farm workers from workmen's compensation legislation has been questioned. *See* 1C A. Larson, *The Law of Workmen's Compensation* § 53.20 (1986).

Subsequent to the injury in *Anaya* the General Assembly amended the Act to include farm and ranch workers. For sixteen years the Act defined "wages" the same for farm and ranch employees and all other workers. But in 1987 § 8–47–101(2) was amended so as to define "wages" for farm and ranch employees to include only income reported on the employee's W–2 form, while for all other workers it would still include the reasonable value of board, rent, housing, lodging or any other similar benefit received from the employer.

Farm and ranch workers are among the poorest paid employees in this country. Agriculture is one of the most hazardous occupations. The work is very physically demanding and injuries often limit a worker's ability to obtain further employment. *See* 1C A. Larson, *The Law of Workmen's Compensation* § 53.20 (1986).

When farm and ranch workers were entirely excluded from the Act, they retained the right to sue their employers for injury resulting from negligent acts. This right to sue became even more valuable with the advent of comparative negligence. But workers covered by the Act cannot sue for negligently inflicted injuries and must look solely to the Act for their remedies.

In *Petrafeck v. Industrial Commission*, 191 Colo. 566, 554 P.2d 1097 (1976) the court held that excluding tips from an employee's "wages" computation violates the Equal Protection Clause of the United States Constitution. *See also Romero v. U–Let–Us Skycap Services, Inc.*, 740 P.2d 1004 (Colo.App.1987). The principle underlying *Petrafeck* is that under the Act all compensation received by an employee must be credited equally in computing "wages." In my view under *Petrafeck* all employees must be treated the same as to the computation of "wages" under § 8–47–102(2), and therefore it is impermissible to treat employees differently in determining their "wages" based on the source of the wages (e.g. tips) or, implicitly, the nature of their occupation (waitress, skycap). *See also Simmonds v. Eastman Kodak Co.*, 781 P.2d 140 (Colo.App.1989).

In *Petrafeck* the court stated that the exclusion of "tips" from wages reduced the award to an amount which was barely sufficient to allay the effects of the job related injury. It is not unusual for room and

board to constitute a, substantial part of the total compensation received by farm and ranch workers. *See Waldroupe v. Kelley,* 189 Kan. 99, 367 P.2d 77 (1961); *O'Neil v. William Randolf Dairy Farm,* 65 A.D.2d 907, 410 N.Y.S.2d 695 (1978). Hence, the exclusion of room and board from the wages computation of farm and ranch workers significantly reduces the worker's compensation award available to allay the effects of the job related injury.

Here, the cash wages recorded on the W–2 form were $900 per month and the claimant's non-cash benefits were worth an additional $600 per month. Thus, the claimant lost the right to have 40 percent of his compensation considered in computing his wages under § 8–47–102(2) and the resulting compensation award. As in *Petrafeck,* the benefits at issue are an integral part of the contract of hire and comprise a substantial portion of the employee's compensation.

In *City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194 (1967) the court stated: "The Workmen's Compensation Act was enacted for a beneficent purpose—*to allay the adverse economic impacts upon a workman which flow from a disabling industrial accident.* In order to carry out the intended purpose of the Act, it is necessary to avoid hypertechnical refinements in the construction of the terms and provisions of the Act." (emphasis added).

If farm and ranch workers are to have the economic effect of disabling injuries allayed—which is the stated purpose of the Act—the "wages" computation must include the reasonable value of their entire compensation. This means that they must be treated similar to workers from thousands of other occupations which are covered under Act.

Therefore, to the extent that § 8–47–102(2) excludes from the "wages" computation of farm and ranch workers items of remuneration which are included for every other occupation in this state, the statute is not rational and violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Farm and ranch workers have been and continue to be an essential part of a critical industry in this country and employment in this field should not be discouraged by arbitrary and artificial statutory distinctions which discriminate against those who are willing to undertake this physically demanding and most important work.